Owen McGivern, J.
In this motion by petitioner for stay of arbitration, the basis for the application is that the claim sought to be arbitrated is barred by the Statute of Limitations pursuant to section 1458-a of the Civil Practice Act. The section provides that:
‘ ‘ A motion to compel arbitration shall be denied, and a motion to stay arbitration granted, if at the time of the giving of notice of intention to arbitrate, or of the making of a demand for arbitration, the claim sought to be arbitrated would be barred by an existing statute of limitations if such claim were asserted in an action in a court of this state.
“ Such bar shall be asserted in court at or before the hearing of such motion or the commencement of the first hearing in the proposed arbitration proceeding, whichever shall be earlier ’ ’.
Respondents contend that the participation of petitioner in the arbitration proceeding, by appearing therein, in the selection of arbitrators, bars the present assertion of the Statute of Limitations as a defense. That contention is not convincing. The statute requires the assertion of the defense of Statute of Limitations at the commencement of the first hearing only if that is earlier. The selection of arbitrators is not the commencement of the first hearing. This is evident from a reading of subdivision 2 of section 1454 of the Civil Practice Act. It provides that ‘1 arbitrators selected as prescribed in this article must appoint a time and place for the hearing of the matters submitted to them ”. A “ hearing ” contemplates the right to be present and to put forth one’s contentions by proof and argument (People v. Richetti, 302 N. Y. 290, 297). Therefore, no hearing has been had.
*930 Nor may respondents seek to overcome the clear bar of the statute by shifting to the petitioner the obligation to have started the arbitration. The offensive in instituting proceedings for arbitration lies with the aggrieved party (Klein Coat Corp. v. Peretz, 4 Misc 2d 341, 345). It is the respondents who contended, and still do, that they have been wronged. They cannot impose upon petitioner the burden of having set the arbitration machinery in motion.
Respondents claim that the delay in instituting arbitration ' proceedings was induced by petitioner’s acts and conduct. It is true that where a party has deceived the other party into a false sense of security, the doctrine of equitable estoppel may be invoked to prevent such party from reaping the benefits of his own wrongdoing, and in such case he may be estopped from asserting the bar of the Statute of Limitations (Safrin v. Friedman, 27 Misc 2d 682, affd. without opinion 277 App. Div. 1138). But respondents’ proof is insufficient to call into play the doctrine of equitable estoppel on the use of the statute.
Since it is clear from respondents’ statements that the claim for which they demand judgment accrued on June 8, 1954 and that the arbitration proceedings were commenced March 15, 1961 the six-year Statute of Limitations bars the proceeding. Accordingly, the motion staying arbitration is granted.