In the Matter of the Arbitration between ROBERT C. FINKELSTEIN, Respondent, and STANLEY HARRIS et al., Appellants.

First Department, October 23, 1962.

*Lewis Ginsburg* for appellants.

*Samuel R. Rudey* of counsel (*Lester Samuels* with him on the brief; *Weisman, Celler, Allan, Spett & Sheinberg,* attorneys), for respondent.

EAGER, J. This is an appeal from an order which, on motion pursuant to section 1458-a of the Civil Practice Act, stayed arbitration upon the ground that the claim sought to be arbitrated was barred by the Statute of Limitations.

The appellants, on March 15, 1961, served a demand for arbitration of a claim for a balance allegedly owing on contract and for extras in connection with the construction by them of a residence for the respondent. The claim had accrued in June, 1954, and it appears that, in November, 1954, they had commenced an action in Supreme Court, Westchester County, to recover a judgment for a smaller balance allegedly due on this particular claim. The contract, however, contained provisions for arbitration of all disputes between the parties, and, upon application of the respondent, the court by order, entered March 15, 1955, directed that the parties proceed with arbitration of all disputes and stayed the Supreme Court action. It is the position of the appellants that this order initiated an arbitration proceeding which is still pending, and that their demand for arbitration served on March 15, 1961 is merely in furtherance of the proceeding so instituted.

Following the 1955 order, there were from time to time negotiations between the attorneys for the parties, and some talk and correspondence between them about proceeding with the arbitration; but no steps were actually taken by them in furtherance of the arbitration directed by the order. Presented is the question whether or not the arbitration so directed has tolled the running of the Statute of Limitations. Incidentally involved is the question whether or not the arbitration proceeding so instituted was abandoned by the parties, and, if so, the effect thereof.

It is clear that an action or proceeding, including an arbitration proceeding, may be abandoned with the same effect as if it had been formally discontinued. An abandonment thereof with such effect may result from a lapse of time without any activity therein by the parties or may occur by reason of actions and con-

duct or omissions clearly indicating the intention of the parties to forego prosecution of the same. (See *Matter of Ace Mail Adv.* v. *Newgold,* 265 N. Y. 298, 301; *Chippewa Credit Corp.* v. *Strozewski,* 259 App. Div. 187, 190; *Musco* v. *Lupi,* 6 Misc 2d 930, 932.) The failure of the parties here for six years to proceed in any manner with arbitration as directed by the 1955 order and the conduct of the appellants demonstrate, without doubt, the intention to abandon the arbitration. Instead of proceeding as directed, the appellants were relying upon a mechanic's lien which they had filed, and they renewed it from year to year. (Cf. *Matter of Young* v. *Crescent Development Co.,* 240 N. Y. 244.) Finally, an order was entered on August 9, 1960, which directed the cancellation of a bond filed to discharge the lien unless within 60 days they " commence " arbitration proceeding or " commence " an action to foreclose the lien. They elected, however, to sue in court to foreclose the lien. An action for this purpose was commenced on August 31, 1960 but, on application of respondent, this action, too, was stayed, pending arbitration, by order of the court entered December 7, 1960. Thereupon on March 15, 1961, as aforesaid, the appellants served upon respondent the present demand for arbitration.

There having been an abandonment of the arbitration directed by the 1955 order, the service in 1961 of the demand for arbitration instituted a new proceeding, which would be subject to all the infirmities of an independent proceeding; and the abandoned proceeding would not have the effect of tolling the Statute of Limitations for the benefit of the new proceeding. The abandonment of the earlier proceeding is to be treated the same as a voluntary discontinuance thereof; and the general rule is that a prior action or proceeding voluntarily discontinued does not toll or extend the statute. (See Civ. Prac. Act, § 23; 2 Carmody-Wait, New York Practice, p. 350.)

In any event, the period of limitation is specified by statute to begin on and run from the time of the accrual of the cause of action; and these general provisions are controlling in the absence of a specific statutory exception or saving clause which would postpone the beginning of the period or extend the same. An exception to the operation of the statute may not be validly claimed unless expressly provided for. The rule is that " a party who seeks to avoid the statute of limitations, notwithstanding the lapse of the prescribed period, must bring himself expressly within exceptions specified in the statute." (2 Carmody-Wait, New York Practice, p. 310.)

To hold that the Statute of Limitations should be tolled by the mere institution of an action or proceeding which the creditor

later abandons would have the effect of writing into the statute an exception not to be found therein. Moreover, it would permit a party to take advantage of his own neglect, intentional or inexcusable, and give him a privilege which the statute certainly does not contemplate, namely, the privilege to hold his debtor accountable by suit beyond the limit of time fixed by law. Such a result would tend to undermine the statute and should not be tolerated. (See 54 C. J. S., Limitations of Actions, § 290; *Richards* v. *Maryland Ins. Co.*, 8 Cranch [12 U. S.] 84, 92; *Allen* v. *Burdette*, 89 W. Va. 615, 622; *Lawrence* v. *Winifrede Coal Co.*, 48 W. Va. 139, 142; *Pennsylvania Co.* v. *Good*, 56 Ind. App. 562, 567–568.)

We conclude that the Statute of Limitations barring the claim sought to be arbitrated has not been tolled. (Cf. *Hornblower* v. *George Washington Univ.*, 31 App. D. C. 64; *Gordon* v. *Santa Cruz Portland Cement Co.*, 130 P. 2d 232 [Cal.]; *Martin* v. *Potashnick*, 358 Mo. 833.) Further, we agree with Special Term that the doctrine of estoppel is not applicable here to save the appellants' claim from the statutory bar. Viewed in the light most favorable to them, the discussions and correspondence between the attorneys for the parties establish only that, from time to time following the 1955 order, they were suggesting that respondent's attorney should take the initiative with the arbitration and that it was understood that he would prepare the necessary papers therefor to be filed with the American Arbitration Association. There is, however, no evidence whatever indicating that the appellants were induced to delay the prosecution of their claim by any fraudulent conduct or misrepresentation of fact on the part of respondent or his attorney. Concededly, the appellants were free to proceed at any time with arbitration as directed by the 1955 order. To allow the statute to be tolled by discussions and alleged parole understandings, without suggestion of fraud, would tend to subvert the purpose and effect of the statute, and this, of course, is not to be permitted. (*Shapley* v. *Abbott*, 42 N. Y. 443; *Wakulaw* v. *State Bank*, 214 App. Div. 673; also *Scheuer* v. *Scheuer*, 308 N. Y. 447, 452; *Augstein* v. *Levey*, 3 A D 2d 595, affd. 4 N Y 2d 791.)

Finally, as pointed out by Special Term, there was no waiver by respondent of his right to have the arbitration stayed. By virtue of the express statutory provisions, here, the bar of the claim by the Statute of Limitations was to be asserted at or before the commencement of the first hearing in the proposed arbitration proceeding (Civ. Prac. Act, § 1458-a). Thus, his motion for a stay, which was made promptly following the notice of the first hearing before the arbitrators, was timely. His proceedings

theretofore in the matter of proposed arbitration, including his selection of proposed arbitrators, were entirely consistent with his right to move for the stay before the first hearing and, therefore, are not a waiver of his rights in this respect.

It appearing that the Statute of Limitations bars the appellants' claim for a balance due on contract and for extras, as such claim is designated in the demand for arbitration, the order, entered December 28, 1961, granting motion of respondent to stay arbitration should be affirmed on the law and on the facts, with $20 costs and disbursements.

BREITEL, J. P., RABIN, VALENTE and MCNALLY, JJ., concur.

Order, entered on December 28, 1961, unanimously affirmed on the law and on the facts, with $20 costs and disbursements to respondent.