TULIO F. LÓPEZ, MAYOR OF THE MUNICIPALITY OF BAYAMÓN, Petitioner, *v.* JORGE MELÉNDEZ VELA, JUDGE, BAYAMÓN PART, SUPERIOR COURT OF PUERTO RICO, Respondent; RUBÉN VILLALBA OLIVO and JUAN FERNÁNDEZ GRACIA, Interveners.

No. A.I. 63-2.     Decided April 28, 1964.

*Pablo J. Santiago Lavandero* for petitioner. *Luis A. Archilla Laugier* and *Mario A. Rodríguez* for interveners.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

In a letter dated July 6, 1962, the Mayor of Bayamón, Tulio F. López, preferred six charges against Juan Fernández Gracia and removed him from the position of Secretary of the Municipality, his removal being effective upon receipt of the letter. In the same document he informed the latter that, within the next fifteen days he could appeal from that "decision" to the Superior Court of Puerto Rico, Bayamón Part. The letter removing Fernández Gracia was delivered to the latter the following day, July 7. In a letter dated August 8, 1962, the Mayor preferred four additional charges against Fernández Gracia. He informed the latter that, in

connection with those additional charges, he could appeal to the Bayamón Part of the Superior Court, within fifteen days following receipt of the letter.

In a letter of July 6, 1962, Mr. López, the Mayor, preferred six charges against Rubén Villalba Olivo, Director of Finance of the Municipality of Bayamón. In that same letter the Mayor removed him from the position of Director of Finance, effective upon receipt of the letter. On July 20, 1962, he preferred three additional charges against Villalba. In both instances he informed the latter that, within fifteen days following receipt of the letter he could appeal to the Bayamón Part of the Superior Court.

On July 20, 1962, Juan Fernández Gracia appeared before the Bayamón Part of the Superior Court in a "Notice of Appeal," Civil Case No. C.S. 62-1425, answering the charges preferred on the merits. He also alleged several special defenses, including the insufficiency of the charges for the removal and the failure to establish a just cause; and that the charges were the culmination of a design of political persecution. He prayed the court to dismiss the charges or, after taking them into consideration, to determine that the removal had not been for just cause; and to order his immediate reinstatement to the position of Municipal Secretary, as well as reimbursement of any salary accrued since removal.

On even date, July 20, 1962, and in a similar "Notice of Appeal," Civil Case No. C.S. 62-1424, Villalba Olivo appeared in court. He denied the charges on the merits and set up similar special defenses. He likewise prayed the court for judgment dismissing the charges as frivolous and insufficient or, after weighing the evidence, to determine that the removal had not been for just cause, and to order his immediate reinstatement to the position of Director of Finance of the Municipality of Bayamón, as well as reimbursement of any salary accrued since removal. The additional charges

preferred against both officers after their removal were also challenged in the Superior Court.

The Mayor appeared at those proceedings. He challenged the jurisdiction of the court to hear evidence on the charges which caused the removal of the officers; he alleged that they were employees in his confidence and, even assuming that they were entitled to a hearing prior to their removal, the appeals were premature; that in view of the fact that said officers did not ask the Mayor for some sort of a conference or hearing on the merits of the charges at a municipal level, nor did he have an opportunity to refuse, but instead they proceeded to appeal, they waived any right to a previous hearing.

On August 29, 1963, the Bayamón Part of the Superior Court entered an order in both cases holding that the appeal granted by § 44 of the Municipal Law now in force would have no juridical effect if a hearing on the merits were not allowed in which the removing power would have to substantiate the charges and the officers removed could defend themselves from the charges. It rejected the Mayor's contention that these officers were confidential appointees subject to removal at will; and it determined that after the appellants had been removed and appeared in court, the Mayor lacked jurisdiction to prefer additional charges against them. With these conclusions the court dismissed the jurisdictional allegations and set the hearing for October 30, 1963 at which date the Mayor should appear and introduce evidence in support of the charges preferred, and the removed officers should introduce evidence to defend themselves.

Pending the aforesaid hearing, the Mayor filed in this Court a petition for a Writ of Prohibition seeking to direct the Bayamón Part of the Superior Court to cease and desist from hearing in first instance the charges preferred against these officers on the basis of which they had been removed,

praying us to hold that if it were decided that the Municipal Law required a hearing thereon, the place to hear the charges must be before the Mayor himself and not before the court in the appeals referred to; that once the Mayor expressed his willingness to grant the removed officers a hearing or audience, provided that such audience were required in law, the appeals in the Superior Court became academic; and that the judicial appeals had been premature.

On October 28, 1963, we issued a Writ of Prohibition ordering the Bayamón Part of the Superior Court and the removed officers and their counsel to desist and refrain from any further proceedings or from a trial or hearing in first instance in the administrative removal proceeding brought by the Mayor and in the appeals taken to the Superior Court by the two officers, until further order of the Court; and to appear by brief before the Court to show cause why they should not be absolutely enjoined from any further proceedings in the matter of the removal.[1] The Court heard the parties by brief and at a hearing of which the matter was submitted.

The question in issue, which at first blush seems rather complex because of the manner in which the questions were raised, is indeed simple and not difficult to decide because the solution fundamentally rests on our positive legislation on this subject to wit, the law presently governing the operation of municipalities, Act No. 142 of July 21, 1960. As we gradually consider the applicable provisions thereof, the issues in controversy become readily clear.

Sections 32 and 33 of the Municipal Law provide that the executive power in municipalities shall be exercised by a Mayor who shall hold office for a term of four years beginning the second Monday of January of the year following his election, and until his successor shall have qualified.

---

[1] Code of Civil Procedure, 1933 ed., §§ 664, 665, and 666 in force. Rule 72 of the Rules of Civil Procedure.

Among other duties, functions, and attributes of the Mayor—§ 35(1)—he may appoint all municipal officers and employees and remove them from office whenever necessary for the good of the service, *"in accordance with the procedure provided in this Act."* The appointments of administrative officials must be confirmed by the Municipal Assembly. Section 31(3).

Section 42 of the Act provides that the administrative officers shall be the Mayor, the *Secretary,* and the *Director of Finance,* in a municipality whose budget exceeds $400,000. Sections 45, 46, and 47 prescribe the functions and duties of the Secretary and of the Director of Finance, which positions were held by the removed officers.

Section 44, copied below, serves as background for the question under litigation:

"The mayor shall, with the advice and consent of the municipal assembly, appoint all the administrative officers, who shall hold office for the term for which the mayor is elected or appointed, or until their successors shall have qualified, *unless sooner removed for just cause upon preferment of charges.* Any officer so removed may appeal from the decision of the mayor to the proper part of the Superior Court within fifteen (15) days following service of notice of the resolution of the mayor. The decision of the Superior Court shall be final and unappealable."

■ The provisions of the Municipal Law to which we have referred, § 44 in particular, avoid all claims on the part of the Mayor—regardless of any judicial annotations elsewhere—to the effect that the two officers who were removed, the Secretary and the Director of Finance of the Municipality of Bayamón, were employees in his confidence insofar as he could remove them at will.[2]

---

[2] During the various years when this municipal legislation was pending before the consideration of both Houses, certain legislative statements were made to the effect that there ought to be a number of employees, which number varied according to the budgetary category of the munici-

Nor has this been our legislative tradition of municipal operation. See the history of that tradition in the cases of *Bezares* v. *González, Mayor*, 84 P.R.R. 450 (1962). Section 35 authorizes the Mayor to remove from office or employment all officers or employees appointed by him, but only subject to the procedure provided therein. Section 44 gives removed administrative officers a fixed term of office of four years and until their successors shall have qualified, which is the term of office of the Mayor himself. Section 32. They are entitled by law to a full term of office, unless removed for just cause and upon preferment of charges as provided in that section.

■ Once the Mayor definitely removed these officers at the same time that he preferred charges against them, appointing temporary substitutes, the administrative action terminated then and there and they could appropriate resort to the Superior Court under the right to appeal granted by § 44, and the judicial action cannot be characterized as premature. They were not bound by law, risking to forfeit the right to appeal in the course of 15 days, to take any step before the Mayor after they had been removed. The fact that after their removal and after the jurisdiction of the court had been invoked the Mayor was willing to grant a hearing to the removed officers, did not render academic the appeal proceedings if the Mayor failed to annul the removals and reinstated the officers in their position, while such proceedings were pending.

---

palities, having the full and utmost confidence of the Mayor and who would not be subject to the same provisions with regard to selection and permanence as the rest of the personnel. It was also suggested that the Director of Finance should be an officer in the utmost confidence of the Mayor, not included within the merit system. Such views, however, were finally rejected and the Municipal Law, as approved and now in force, does not contain the concept of the existence of municipal officers and employees in the confidence of the Mayor, to be appointed and removed at the latter's sole will and whim.

Inasmuch as it is unquestionable that these officers could not be deprived of their offices except for just cause, the issue is—pursuant to § 44—exactly when said just cause should have been or should be established or determined and, finally, who is competent under law to determine it in first instance. Apparently the court accepted the procedure followed by the Mayor as correct, or at least assumed it as such, and when it rejected the latter's contention of removal at will and that a hearing was unnecessary, it became the forum where the Mayor ought to substantiate the charges on the merits and the officers defend themselves from said charges, according to its legal interpretation of the appeal provided by § 44. It is these proceedings on the merits with regard to the charges that the Mayor seeks to stay by means of the Petition for a Writ of Prohibition.

Summarizing a practice on which the lapse time has stamped a seal of great validity, we may state that when an officer or employee holds an office or employment having a fixed term of tenure or indefinitely, but his removal must by mandate of law, be for "cause" or for "just cause," such cause or just cause is legal cause or cause in law, and not the views or simple evaluation of the removing power, no matter how apparent or justified he may deem to be his reasons of removal. Thus, a removal for cause or for just cause must be preceded by a determination of a legal sort or of a judicial nature as to whether or not there is cause or just cause. This in turn requires removal to be preceded also by a hearing granted to the removed officer or employee, together with an opportunity to be heard in self defense against removal.

Such has been our judicial practice since early this century when, in *Belaval v. Todd*, 22 P.R.R. 590, decided in 1915, in construing a provision of the Municipal Law of 1906 to the effect that the Mayor could for just cause remove

all officers and employees appointed by him, similar to § 44 of the law now in force, and which did not even require a previous preferment of charges as is now required by § 44, we held, affirming the judgment ordering the reinstatement of Dr. Belaval, who had been similarly removed as the two officers involved herein, that where a statute gives a person power to remove for cause or just cause, such power was held to be a judicial power and the person in whom the power was vested could not remove without notice and a hearing on the person to be removed. We stated that this required a proceeding similar to a trial wherein the official or employee was given an opportunity to defend and present proof, or even if the question of the weight of the evidence, whether it was sufficient or not, rested solely on the discretion of the person having power to remove. We held that the official or person must be given an opportunity to defend himself *before the person or the board having power to make such removal.* This rule was reaffirmed, more at length and on additional grounds, in a second opinion delivered in the *Belaval* case, 24 P.R.R. 24 (1916), by former Mr. Justice del Toro where, after an election, the problem arose as to whether Doctor Belaval was an officer with a fixed term of incumbency which had expired by reason of said elections or whether the case involved an employee in an employment of indefinite duration. The court considered Dr. Belaval as an employee and ratified its former decision.

■■ We have not altered these views. See: *Bezares v. González, Mayor,* 84 P.R.R. 450 (1962), and authorities cited therein, where we followed *Belaval v. Todd,* with approval. The fact that the statute requiring cause or just cause for removal does not expressly provide that charges must be preferred, or that a hearing must be held to substantiate them, does not excuse compliance with such requisites which are an unavoidable consequence of the fact that the law requires the determination of a cause or legal just

cause for removal. For the right to be heard by the removing power not to exist under such circumstances—which in Anglo-American decisions has been considered as derogatory of the common law—it must be expressly provided in the statute.[3]

■ It must be concluded that the removals involved in these cases were unlawful and are of no force or effect at law. Even more so, when § 44, contrary to previous legislation, requires the previous preferment of charges in addition to just cause. Statutes do not impose vacuities and it would be altogether useless in a removal to require the preferment of charges if the officer or employee in question is not to have an opportunity to reject them or to prove the nonexistence of the facts charged before being punished with removal.

■ As to the allegation that under the appeal provided by § 44 the charges may be substantiated in first instance before the court as it was so understood by the court, we do not think that such was the legislative intent or that it constitutes the best procedure as inferred from the rules established by the Law itself for the removal of the Mayor —§ 37—and the removal of employees—§ 93— when it was

---

[3] See: *State ex rel. Nagle* v. *Sullivan*, 40 P.2d 995 (1935); *Parker* v. *Farrish*, 1 So. 596 (1941); *State* v. *Crandall*, 190 S.W. 889 (1916); *Burklim* v. *Willis*, 97 So.2d 129 (1957); *Bryan* v. *Landis*, 142 So. 650 (1932); *State* v. *Board of Regents*, 261 P.2d 515 (1953); *Tucker* v. *San Francisco Unified School*, 245 P.2d 597 (1952); *Carroll* v. *California*, 16 C.2d 164 (1940); *Smith* v. *Board of Education*, 94 S.W.2d 321 (1936); *Farrish* v. *Young*, 158 Pac. 845 (1916). *Cf.* 4 McQuillin, Municipal Corporations, § 12.232, 3d ed.

The hearing before the removing power must include certain basic guarantees: the right to appear in person or through counsel, to hear the evidence against him and to controvert it by cross-examination and the presentation of favorable evidence. *Carter* v. *Kubler*, 320 U.S. 243 (1943); *Slater* v. *Woods*, 224 N.Y.S.2d 237 (1962); *Application of Finkelstein*, 228 N.Y.S.2d 502 (1961); *United States* v. *Dillman*, 146 F.2d 572 (1944); *Philadelphia Co.* v. *Securities and Exchange Com'n*, 175 F.2d 808 (1948) and cases cited therein. *Cf.* 1 Davis Kenneth Culp, Administrative Law Treatise, §§ 7.01 and 7.02.

deemed advisable to use an administrative forum as to the merits of the removal, with a subsequent limited judicial intervention.

But, aside from the foregoing, this Court, applying § 29 of the former Municipal Law establishing that the removed officer could take an appeal before the District (Superior) Court *which should consider and decide* the questions *of fact* and law involved in the appeal, nevertheless held in *Ortiz* v. *Venegas*, 43 P.R.R. 374 (1932), that a trial de novo in court did not lie, and that an authentic and attested transcript of the proceedings before the Mayor constituted the record on appeal. It should be noticed further that the present § 44 makes no mention of consideration by the Court of questions of fact, as the former provision did. And see *Mangual* v. *District Court*, 60 P.R.R. 802 (1942). Furthermore, it would seem rather strange for the Legislature, if it contemplated substantiation of the merits of the charges in first instance in the appeal granted under § 44, to provide that the decision of the Superior Court is final and unappealable.[4]

For the foregoing reasons we must permanently order the Superior Court to refrain from holding a hearing to try the charges on the merits. Making use of the jurisdiction it lawfully has over the subject matter and the parties by virtue of the appeals taken by the removed officers, the Superior Court shall dispose of the matter, and on the grounds of law above stated; it shall enter final judgment declaring that the aforesaid removals of the Secretary and of the Director of Finance of the Municipality of Bayamón, ordered by the Mayor, are null and void, it shall order the reinstatement of said officers to their positions as of the date

[4] In *Gutiérrez* v. *Monclova, Mayor*, 39 P.R.R. 823 (1929), we stated that a trial de novo in the District (Superior) Court was required, but it was in view of the wording of § 29 of the Municipal Law as amended in 1925, expressly providing that in the appeal the court should hear *in regular form* the evidence necessary to decide the controversy.

of removal, with pay, and shall enter any other pronouncement it may deem proper and advisable.

Nothing herein contained, nor in the judgment of the Superior Court, shall be deemed to deprive the Mayor of his power to prefer charges against these officers and to file removal proceedings pursuant to law, if he should so decide.

Judgment shall be entered by this Court in accordance with the foregoing.