Lawrence H. Cooke, J.
In this personal injury action based on negligence and arising out of an incident which took place on August 25, 1957, defendant moves for .summary judgment on the ground “ that the action was not commenced within the time prescribed by Statute.” The supporting affidavit submitted by defendant also indicates that said moving party also relies on res judicata or collateral estoppel.
It appears that this action was commenced on September 10, 1964, obviously beyond the statutory period (CPLR 214, subd. 5; cf. Civ. Prac. Act, § 49, subd. 6). The answer contains an affirmative defense setting up the Statute of Limitations and, .in response thereto, the reply alleges: (1) “ That after the happening of the accident alleged in the complaint herein, the defendant through its agents, servants and representatives, promised to adequately and reasonably compensate the plaintiff for all of her injuries, and by actions and conduct the defendant, through its agents, servants and representatives, conveyed to the plaintiff the false belief that she did not have to sue, and through agents and representatives of the said defendant indicated that there was a different statute of limitations other than that which actually exists and that by said acts and representations the defendant is estopped from asserting the statute of limitations ”; and (2) “ That prior to the running of the statute of limitations in the above entitled matter, the defendant through *115 its agents, servants and representatives falsely and fraudulently represented to the plaintiff that the plaintiff would be paid in full for all of her damages as a result of the accident. That said representations were knowingly made with intent to deceive and did deceive the plaintiff in that it deprived her of instituting said action until after the running of the said statute of limitations. That the plaintiff relied upon the representations and has thereby been deceived.”
An estoppel rests upon the word or deed of one party upon which another rightfully relies and so relying changes his position to his injury; and, indeed, a party may not, even innocently, mislead an opponent and then claim the benefit of his deception (Triple Cities Constr. Co. v. Maryland Cas. Co., 4 N Y 2d 443, 448; Lynn v. Lynn, 302 N. Y. 193, 205; Romano v. Metropolitan Life Ins. Co., 271 N. Y. 288, 293; Metropolitan Life Ins. Co. v. Childs Co., 230 N. Y. 285, 292). It has been held that an estoppel may be predicated upon evidence that the defendant, by resort to settlement negotiations, intended to lull the plaintiff into inactivity to induce it to continue negotiations until after the expiration of the time within which an action could be maintained (Triple Cities Constr. Co. v. Maryland Cas. Co., 4 N Y 2d 443, 448, supra; Syracuse Light. Co. v. Maryland Cas. Co., 226 N. Y. 25, 36; Rego Bldg. Corp. v. Maryland Cas. Co., 151 Misc. 801, 803-805).
More particularly, equitable estoppel, or estoppel in pais, is available under proper circumstances to a plaintiff against a defendant who raises the defense of the Statute of Limitations as a bar to a cause of action based on negligence; and the only authority which the agent needs to constitute his conduct an estoppel is the authority to promise a settlement, it being clear that all insurance adjusters have at least apparent authority to make promises of settlement (Croop v. Odette, 29 Misc 2d 606, affd. 14 A D 2d 724; Rergeron v. Mansour, 152 F. 2d 27, 30-31; MacKeen v. Kasinskas, 333 Mass. 695; Hayes v. Gessner, 315 Mass. 366; McLaughlin v. Rlake, 120 Vt. 174).
It also appears that, previously, plaintiff instituted an action against defendant’s insurer setting forth causes of action based on fraud and contract. As to the former, it was alleged, in substance and among other things, that defendant insurer at divers times approached plaintiff for the purpose of settling her claim and fraudulently and falsely represented to her that her claim for injuries, pain and suffering would be adjusted and paid by said insurer; that said representations were made to induce plaintiff into believing it would be unnecessary to bring legal action to enforce her claim and to induce plaintiff into post- *116 polling any legal action until the statute would bar her recovery; that said representations were false when made; that defendant knew said representations were false at the time they were made and that they were made to deceive and defraud plaintiff so as to induce her to forfeit any cause of action she had against the insured; that plaintiff believed said representations; that said representations were made with intent to deceive and actually did deceive plaintiff; and that as a result plaintiff was damaged in the sum of $35,000.
On trial, the court charged the jury: “ if you determine that the plaintiff has satisfied you by a preponderance of the evidence that she is entitled to recover upon either cause of action for fraud and deceit or her cause of action for breach of contract, you will find a verdict for the plaintiff.” The jury returned for further instructions and, in response to inquiries, were told that they could “ find either on fraud or on contract ” but not on both. The jury rendered the followng verdict: “ Well, on the first account we found no cause of action on the fraud charge, and the second we found on breach of contract in favor of plaintiff and award fifteen thousand dollars.” The Appellate Division reversed and dismissed the complaint (20 A D 2d 178) and the Court of Appeals, by a decision rendered on June 24, 1964, modified by ordering a new trial regarding that part of the contract cause which related to plaintiff’s remaining medical expenses (14 N Y 2d 824).
The doctrine of res judicata, as generally stated, is that an existing final judgment rendered upon the merits by a court of competent jurisdiction, is binding upon the parties and their privies in all other actions or suits on points and matters litigated and adjudicated in the first suit or which might have been litigated therein (Israel v. Wood Dolson Co., 1 N Y 2d 116, 118). While, by virtue of the indemnitor-indemnitee relationship existing between an insurer and an insured, defendant here (the insured) was in privity with the defendant in the prior action (the insurer) for purposes of the collateral estoppel doctrine (Hinchey v. Sellers, 7 N Y 2d 287, 295), the issue of equitable estoppel, or estoppel in pais, was not litigated or could not have been litigated in the prior action. The doctrine of equitable estoppel, or estoppel in pais, presents certain considerations which do not apply to an action for fraud or deceit (Triple Cities Constr. Co. v. Maryland Cas. Co., 4 N Y 2d 443, 448, supra; Werking v. Amity Estates, 2 N Y 2d 43, 53; Trustees, etc., v. Smith, 118 N. Y. 634, 640; Blair v. Wait, 69 N. Y. 113,116; Continental Nat. Bank v. National Bank of the Commonwealth, 50 N. Y. 575, 581, 583; Manufacturers’ & Traders’ Bank v. *117 Hazard, 30 N. Y. 226, 230; Casey v. Gorman, 36 N. Y. S. 2d 554, 557-558, affd. 265 App. Div. 911; 24 N. Y. Jur., Fraud and Deceit, p. 191; 3 Pomeroy’s Equity Jurisprudence [5th ed.], pp. 185-187, 193-195). Furthermore, the period of the Statute of Limitations for fraud and breach of contract as alleged in the prior action had not run and was not a bar as to said two causes there (Civ. Prac. Act, § 48).
There being a triable issue as to estoppel, the motion for summary judgment is denied.