■ IMRE J. ROSENTHAL et al., Appellants, v. RELIANCE INSURANCE COMPANY, Respondent, et al., Defendants.— In an action to recover upon four policies of insurance against loss of personal property, plaintiffs appeal from an order of the Supreme Court, Kings County, entered March 2, 1965, which (1) granted the motion of defendant Reliance Insurance Company (the insurer on one of the policies) for summary judgment and (2) denied as academic plaintiff's cross motion to dismiss the defense contained in said defendant's answer. Order affirmed, with $10 costs. Plaintiffs' main contention, and the one adopted by the dissenting memorandum herein, is that defendant Reliance Insurance Company should be estopped from relying on the provision in its policy which requires that all suits, actions or proceedings for the recovery of any claim be brought within 12 months after discovery of the occurrence giving rise to the claim. We find no merit in this contention. The doctrine of estoppel is applied in certain cases to prevent inequitable reliance upon a defense, such as the Statue of Limitations, which might otherwise be a bar to recovery. The stimulus for its use is conduct by one person inconsistent with a position later adopted by him which is prejudicial to the rights of another who relied on such prior conduct to his detriment (cf. *Lynn* v. *Lynn,* 302 N. Y. 193). In the instant case plaintiffs discovered the loss of certain items covered by the policy on May 5, 1963. Fifteen days later, on May 20, plaintiff Imre J. Rosenthal met with defendants' adjusters and supplied them with a detailed

account of the loss; and on May 22, the adjusters acknowledged his assistance and requested certain additional information. There was no further correspondence until April 14, 1964 — 11 months later — when he supplied the information requested the previous May. No explanation is given for this delay and there is nothing to indicate that plaintiffs were lulled into inactivity by anything said or done by Reliance. There is no allegation that Reliance made false representations or conducted itself in such a way as to mislead plaintiffs into believing that the time limitation would not be invoked (see *Skylark Enterprises* v. *American Cent. Ins. Co.,* 13 A D 2d 707). There is nothing to show that Reliance's conduct was inconsistent. Indeed, the record shows that plaintiffs were warned about three weeks prior to expiration of the 12-month period that the insurers were reserving all their rights under the terms and conditions of the policy. When plaintiffs finally instituted proceedings, only four days before expiration of the 12-month period, service of the summons and complaint on Reliance was defective. Reliance's failure immediately to notify plaintiffs of the defect cannot be considered either inequitable conduct or a breach of any fiduciary relationship (see *Erbe* v. *Lincoln Rochester Trust Co.,* 13 A D 2d 211). By waiting 11 months and 26 days before attempting service, plaintiffs ran the risk of exactly what occurred here: defective service and dismissal of the action. Ughetta, Acting P. J., Christ, Brennan and Hill, JJ., concur; HOPKINS, J., dissents and votes to reverse the order, to deny the motion of defendant Reliance Insurance Company and to grant plaintiffs' cross motion, with the following· memorandum: I am of the opinion that on the undisputed facts Reliance is estopped from raising the defense of plaintiffs' failure to institute an action for their loss within the time limited by the policy. Plaintiffs discovered the loss on May 5, 1963. They immediately notified the police and their insurance broker, who in turn notified the underwriting agency representing Reliance on May 6, 1963. The latter's adjusters met with the plaintiff husband and he furnished them with a detailed account of the events surrounding the loss and an itemized schedule of the missing property. On May 22, 1963 the adjusters forwarded a statement to him incorporating the information which he had given them and asked him for a statement showing where and when each item had been purchased and the price paid. Negotiations followed. On April 14, 1964 the additional information requested by the adjusters was sent to them by plaintiffs. The receipt of this information was acknowledged by the adjusters by a letter dated April 17, 1964, in which they for the first time stated that the information was "received completely without prejudice and whatever rights your underwriters may have in connection with this matter, the delay involved, and under the terms and conditions of your policy, are intended to be absolutely reserved." Coupled with this statement there was also, in the letter, a request for further information. A summons and a complaint were prepared by plaintiffs' attorneys and were served on a secretary of a vice-president of Reliance on May 1, 1964. Seventeen days later (and after the expiration of the year limitation stated in the policy) Reliance moved to vacate the service. That service was vacated by the court by order dated August 3, 1964. Service of process was then effected on Reliance on August 12, 1964. Reliance then interposed the defense of the expiration of the year before suit was commenced. A contractual limitation for the institution of a suit on an insurance policy "should only be permitted to prevent a recovery, when its just and honest application would produce that result" (*Mayor* v. *Hamilton Fire Ins. Co.,* 39 N. Y. 45, 46). It is idle in this case to say that plaintiffs concealed their intention to claim under the policy for their loss. Indeed, plaintiffs may well have supposed up to the time that

they received the letter of April 17, 1964 that Reliance did not intend to contest the claim. On May 1, 1964, within the policy limitation, the summons and complaint were served on Reliance's employee in its office. It delayed in making known its objection to the service until after the year following the discovery of the loss had elapsed. It makes no point of prejudice in the final commencement of the action; nor could it do so, since the content of plaintiffs' claim under the policy had been understood by it from the inception. To enforce the contractual limitation in these circumstances is neither just nor honest; rather, the enforcement of the clause would result in rewarding the evasive and misleading conduct of an insurer (cf. *Kiernan* v. *Dutchess County Mut. Ins. Co.*, 150 N. Y. 190, 195; *Robinson* v. *Metropolitan Life Ins. Co.*, 1 App. Div. 269, affd. 157 N. Y. 711; anno., 15 ALR 2d 955). The relationship between insured and insurer is marked by characteristics peculiar to the objective of their contract — the protection of the insured's interest in the property insured. In a realistic sense, that objective includes the process of the making of claims under the contract. The relationship, therefore, should not sanction technical or unjustified conduct which frustrates the objective. If in fact the claim for a loss is timely made and no prejudice is asserted by the insurer, a limitation in the institution of an action on the claim should not be so strictly applied as to be inequitable to the insured. Hence, under all the circumstances of the case, Reliance should be estopped from enforcing the condition of the policy against plaintiffs.