Guy A. Graves, J.
The defendant Merchants Mutual Insurance Company has moved for an order to dismiss the complaint against it on the ground that it does not state a cause of action.
On a motion of this nature, the allegations set forth in the complaint are accepted as true. It appears that the infant plaintiff sustained personal injuries in an accident which occurred .on May 19, 1969 while she was a .student at the then Ellenburg •Central School, hereinafter referred to as the School. At the time, she was a student in a physical education class participating in the use of a trampoline. She sustained personal injuries as the result of the alleged negligence of said School, its agents, servants and/or its employees.
The plaintiffs commenced this action on February 8, 1973 against the defendant insurer, .said defendant being the company insuring the School with regard to such mishaps. The plaintiffs allege, in fact, ‘1 That shortly after the aforementioned accident, but prior to the [expiration of' the statutory period provided for in Section 50-e of the General Municipal Law relating to Notice *743 of Claim, the Defendant insurance company above named, by its agents, servants and/or employees, contacted the Plaintiff, and by false representations with the intent to deceive Plaintiff, advised Plaintiff not to file a Notice of Claim as provided for and required by Section '50-e of the ¡General Municipal Law, as the Defendant would pay Plaintiff for all injuries and damages sustained.” The complaint further alleges that plaintiffs believed said representations and relied upon them and would have filed a notice of claim (General Municipal Law, § 50-e) if they had not relied on and been deceived, as alleged.
Subsequent to the expiration of the statutory period set forth in' section 50-e of the General Municipal Law, plaintiffs contacted the defendant through its agents and were informed that plaintiffs had no claim and the afore-mentioned ¡statutory period had elapsed and ;that any claim the plaintiffs might have had was now barred. The complaint further alleges that during said 90-day period, defendant through its agents, stated they were willing and, 'in fact, wanted to compensate plaintiffs and that they need not get a lawyer and need not file a notice of claim with the School. As a result of defendant’s false representations, the plaintiffs are now barred from presenting a notice of claim and otherwise deprived of their claim and cause of action, afore-mentioned.
The second cause of ^action is the parents’ derivative cause of action which is based on the same allegations set forth in the first cause of action relative to the infant plaintiff.
The defendant contends that as a matter of law the action should be dismissed since the plaintiffs have failed to comply with section 50-e of the General Municipal Law, in that they did not file a written notice of claim with the .School, and they did not seek leave to send a late notice of claim as permitted by said action.
The defendant further contends that in order for the plaintiffs to invoke the exception set forth in section 50-e of the General Municipal Law, the settlement representations must be in writing.
The court recognizes the line of cases submitted by defendant where an infant is debarred by a special Statute of Limitations from bringing suit after failing to serve written notice on the municipal body within the 90-day period or to move for leave to serve a late notice of claim no later than one year after the date of injury. The defendant’s contentions would have merit if the action were being brought directly against the School. However, in this instance, the action is brought against the *744 carrier for fraud and deceit. There is ample authority for a tort action .of this nature directly against the carrier where .the defendant, by resort to settlement negotiations, intended to lull the plainiff into inactivity, to induce the claimant to continue negotiations until after the expiration of time within which an action could be maintained. (See Triple Cities Constr. Co. v. Maryland Cas. Co., 4 N Y 2d 443; Metropolitan Life Ins. Co. v. Childs Co., 230 N. Y. 285; Lynn v. Lynn, 302 N. Y. 193; Debes v. Monroe County Water Auth., 16 A D 2d 381; Hover v. Claverack Grange No. 934, 46 Misc 2d 113.)
The defendant’s contenton that any promise made by the defendant insurer that it would agree to answer for the debt of the school district is unenforceable since the defendant insurer made no written representation is likewise without merit. The complaint does not allege the existence of any debt of another, but alleges a direct tort action against the carrier. (See above-cited cases.)
The defendant’s motion is accordingly .denied.