Memorandum. Orders of the Appellate Division affirmed.
*874 Underlying the convictions vacated by the Appellate Division are 107 wiretap and eavesdropping orders obtained during the course of an investigation by the New York County District Attorney’s office of police involvement in illegal gambling operations. In order to sustain these wiretap and eavesdropping orders, a number of unacceptable premises would be required.
The first presumption is that, subsequent to the events and the intervening changes in the Federal and State law governing wiretapping and eavesdropping orders, the connecting links could be pieced together, through a mass of papers many inches in thickness, which would establish probable cause resting exclusively on evidence obtained without being subject to suppression under the changing and changed exclusionary rules.
The second embraces a presumption that the Supreme Court Justice who signed most of the orders recalled the bases upon which prior orders had been issued. In addition to such remarkable recollection, he had to understand that the bases for the prior orders were also the basis for the order immediately before him. This presumption would be applied despite any indication to him or by him of the historical relevance of the bases upon which the prior orders had been granted, and despite absence of any incorporation by reference in the application before him.
The third presumption is that reviewing courts and the persons with standing to attack the order or orders before him would have also understood the unexpressed basis upon which the order or orders had been granted. Another facet of this presumption would be that in such circumstances, upon an attack on the sufficiency of the order or orders, counsel adverse to the order or orders would have an adequate, fair, and practical opportunity to analyze the bases for the order or orders attacked.
None of these presumptions reflect reality and in any event would place an intolerable burden on the very persons for whose protection the restrictions on wiretapping and eavesdropping orders have been imposed. In so holding it is recognized, of course, that defendants unquestionably guilty and self-confessed by their pleas of guilty escape criminal conviction, and in some cases, punishment, to which on the merits they would be properly subject. Nevertheless, such distortion of results on the merits is precisely the cost of maintaining *875 procedural justice under a system of law. Palliative of this result, although not entirely satisfactory, is that because of the tortuous paths these criminal litigations have followed they involve crimes of over a decade ago. Nor is the particular result of wide precedential significance, since the issues concern a gap between the older law of more than a decade ago and the decisional and Federal and State statute law as it exists today. On the other hand, were the court to undo the determinations of the Appellate Division in order to "save the prosecutions”, a violation of principle would be infused, a violation which itself, as a procedural device or jurisprudential technique, might have destructive precedential influence.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Orders affirmed in a memorandum.