Charles W. LEIGH and Leonard Allen, Plaintiffs,

v.

Robert McGUIRE, individually and as Police Commissioner of the City of New York and Chairman of the Board of Trustees of the Police Pension Fund, Article II, Defendant.

No. 79 Civ. 2210 (RWS).

United States District Court, S. D. New York.

Jan. 12, 1981.

Victor J. Herwitz, New York City, for plaintiffs; Victor J. Herwitz, New York City, Donald E. Nawi, Larchmont, N. Y., of counsel.

Allen G. Schwartz, Corp. Counsel for the City of New York, New York City, for defendant; Rosemary Carroll, Asst. to the Deputy Commissioner for Legal Matters, New York City.

## OPINION

SWEET, District Judge.

On July 2, 1968, Charles W. Leigh ("Leigh") and Leonard Allen ("Allen"), then police officers with the New York City Police Department ("N.Y.P.D.") were indicted on state criminal charges of conspiracy to accept bribes from gamblers as a consequence of certain electronic surveillance. Those charges led to their dismissal from the force on October 7, 1970. Since that time these events and legal issues raised by them and by court and administrative proceedings concerned with them have been the subject of continuous litigation in state and federal courts. This action under 42 U.S.C. § 1983 is now before me on remand, by order of the Supreme Court, *McGuire v. Leigh*, 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820 (1980), and, in turn, by order of the Second Circuit Court of Appeals, *Leigh v. McGuire*, 634 F.2d 618 (2d Cir. 1980) for consideration of the effect of New York State rules of tolling on the statute of limitations defense raised by Robert McGuire ("McGuire"). Because of my determination that no rule of tolling preserved Leigh's and Allen's § 1983 action beyond the applicable three-year limitations period, I find, as I found once before, *see Leigh v. McGuire*, 468 F.Supp. 1163 (S.D.N.Y.1979), that this action is time-barred.

The history of the litigation of Leigh's and Allen's claims is set forth in full in the prior opinions of this court and of the court of appeals. *See Leigh v. McGuire*, 613 F.2d 380 (2d Cir. 1979); *Leigh v. McGuire*, 468 F.Supp. 1163 (S.D.N.Y.1979). It will not be retold in detail here. However, a sketch of its essential details is necessary to an understanding of the analysis and conclusions presented below.

After their dismissal from the N.Y.P.D. in October, 1970, Leigh and Allen commenced an Article 78 proceeding in state court challenging that dismissal on grounds, *inter alia*, that the department proceedings had relied on evidence secured through electronic surveillance conducted in violation of state and federal constitutional and statutory law. They raised that same claim in their criminal case. Civil and criminal proceedings tracked one another through the years to come. In 1972, Leigh and Allen were convicted on the criminal charges against them. In 1974, however, those convictions were vacated because of a determination by the Appellate Division that certain wiretap evidence used in the criminal trial had been illegally obtained. *People v. Koutnick*, 44 A.D.2d 48, 353 N.Y.S.2d 197 (1st Dep't. 1974). The *Koutnick* decision prompted the Appellate Division to annul the order of the Police Commissioner dismissing Leigh and Allen. That annulment, entered on June 18, 1974, was stayed on December 5, 1974, at the request of the Commissioner, pending the outcome of an appeal from *Koutnick*. *Koutnick* was affirmed on October 23, 1975. *People v. Koutnick*, 37 N.Y.2d 873, 340 N.E.2d 727, 378 N.Y.S.2d 360 (1975). Leigh and Allen then moved to vacate the stay of the annulment of their dismissal; the Police Commissioner moved to vacate the annulment itself. The Appellate Division granted the Commissioner's motion, without opinion. On May 3, 1977, the New York Court of Appeals affirmed, also without opinion.

Leigh and Allen were then in the anomalous position of having been vindicated in their challenge to the electronic surveillance in the criminal proceeding, but defeated in their challenge to their dismissal from the

N.Y.P.D., despite the fact that both challenges were based on the same claim. On May 12, 1978, they commenced the present § 1983 action, seeking in federal court the relief the state courts had not granted them. On April 6, 1979, I dismissed their federal action, finding it time-barred under the state statute of limitations. *See* 468 F.Supp. 1163 (S.D.N.Y.1979). The Court of Appeals reversed, in an opinion utilizing federal doctrine to toll the state statute of limitations. *See* 613 F.2d 380 (2d Cir. 1979). The Supreme Court granted *certiorari*, and, in a memorandum decision, reversed the Court of Appeals and remanded "for further consideration in the light of *Board of Regents of the University of the State of New York v. Tomanio,*" 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). *McGuire v. Leigh,* 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820 (1980). The Court of Appeals in turn remanded the case to this court, "with directions to determine whether New York's three-year statute of limitations, N.Y.Civ.Prac.Law § 214(2) (McKinney Supp.1978–79) should be tolled in accordance with . . . *Board of Regents v. Tomanio, supra,* and relevant New York state rules on tolling . . ."

In *Tomanio,* the Supreme Court held that both state statutes of limitations and state rules of tolling apply to actions brought in federal court under § 1983. It determined that New York's rules of tolling, insofar as they fail to provide that a § 1983 action is tolled while a related state action is being pursued, are not inconsistent with the provisions of 42 U.S.C. § 1983. It ruled that the § 1983 action before it was barred by the applicable statute of limitations.

Leigh and Allen contend that the facts of this case are "entirely different from those before the Court in *Tomanio,*" that there-

fore a different rule should be applied here, and a different result should obtain. They present several arguments, two based on New York tolling rules, and one based on a suggested inconsistency between state and federal law, in support of their contention. None of those arguments succeeds.[1]

■ First, Leigh and Allen invoke the statutory rule of tolling created by C.P.L.R. § 204(a), which provides that "Where the commencement of an . action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced." Leigh and Allen argue that New York caselaw has departed from the literal terms of § 204(a), expanding its scope to include actions forestalled by the necessity of obtaining leave of court to proceed as well as those actually stayed by court order. They cite *Barchet v. New York City Transit Authority,* 20 N.Y.2d 1, 281 N.Y.S.2d 289, 228 N.E.2d 361 (1967) for the proposition that § 204(a) applies "where the successful maintenance of a cause of action already accrued requires compliance with a condition precedent imposed by law." Plaintiffs' Brief at 13. During the period relevant to this action, Leigh and Allen could not have maintained a § 1983 action based on their wiretap claims because *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), as then interpreted and applied in this Circuit,[2] would have resulted in a federal court's abstaining from consideration of their wiretap claim during the pendency of the state criminal proceedings involving that same issue, and dismissing the § 1983 case on comity grounds. Leigh and Allen contend that this potential *Younger* abstention and dismissal should be viewed as a judicial stay for purposes of

---

1. The government relies on *Singleton v. City of New York,* 632 F.2d 185 (2d Cir. 1980). *Singleton* is not on all fours with this case, because a timely-filed § 1983 action in *Singleton* would have been stayed, not dismissed. *Id.,* at 193. That would not have been true in this case. See Note 2, "*infra,* and case cited therein. It may well be that that is a distinction without a difference", *see* pp. 461–462, *infra,* yet nonetheless in view of that distinction and of the

language of the Second Circuit's remand order, I will consider plaintiffs' arguments in full.

2. During the period in which Leigh and Allen could have filed a timely § 1983 action, that is, until October, 1973, the procedure in the Second Circuit was to dismiss actions barred by *Younger* from federal consideration. *See Martin v. Merola,* 532 F.2d 191 (2d Cir. 1976).

§ 204(a), as interpreted by *Barchet*, and that § 204(a) should be applied to toll the statute of limitations during the pendency of the state criminal proceedings.

Unfortunately for Leigh and Allen, *Barchet* does not supply the point of departure plaintiffs seek. *Barchet* was concerned with a *statutory* condition precedent, established by the interrelationship between the notice of claim provision of Section 50-e of the General Municipal Law, Consol.Laws, C.24, and Subdivision 5 of that same section, which allows judicial extensions of the time within which a notice of claim must otherwise be filed. *Barchet* thus applied § 204(a) to a statutory scheme establishing judicial leave as a condition precedent, a legal framework close to the "statutory prohibition" specifically referred to in § 204(a). To stretch § 204(a) to cover judicial doctrines, such as the *Younger* abstention doctrine, would be to go far beyond *Barchet*. I find no authority for such an expansive interpretation; § 204(a) simply does not reach as far as plaintiffs contend.

Leigh and Allen suggest as an alternative to their argument based on § 204(a) that their § 1983 action was tolled by equitable estoppel. They claim that throughout the state proceedings, the N.Y.P.D. and the state courts indicated that the result ultimately reached in the criminal case would govern the civil case as well, and that they therefore were given every reason to believe that if they succeeded in their challenge to the wiretap in conjunction with the criminal case, they would gain re-instatement to the force. They relied on representations to that effect, they say, and so contend that their § 1983 action should be tolled by reason of equitable estoppel, a doctrine applied in New York in certain circumstances to toll statutes of limitations. *See, e. g., Rosenthal v. Reliance Insurance Co.*, 25 A.D.2d 860, 269 N.Y.S.2d 778 (2d Dept. 1966), *aff'd*, 19 N.Y.2d 712, 279 N.Y.S.2d 173, 225 N.E.2d 880 (1967).

Granting that equitable estoppel can operate to toll the statute of limitations in New York, and accepting, for purposes of this motion, all of plaintiffs' contentions regarding representations made to them about uniformity of result in their criminal and civil cases, I cannot see how the doctrine could be applied here to save Leigh's and Allen's § 1983 action.

There is no claim that representations of ultimate reinstatement were made to the plaintiffs, only that representations regarding eventual uniformity of result were. Such representations could not logically have caused plaintiffs to refrain from bringing a § 1983 action during the many years in which the ultimate outcome of the criminal case was unknown and unknowable. *Cf. Hover v. Claverack Grange*, 46 Misc.2d 113, 258 N.Y.S.2d 1015, (S.Ct. 1965) (defendant's knowing, fraudulent promises regarding compensation for injuries induced plaintiff to refrain from bringing action; limitation period tolled). *See generally Rosenthal, supra,* 269 N.Y.S.2d at 780 (party estopped from asserting statute of limitations defense when his conduct is "inconsistent with a position later adopted by him which is prejudicial to the rights of another who relied on such prior conduct to his detriment"); *Application of Finkelstein*, 33 Misc.2d 929, 228 N.Y.S.2d 502, 504 (S.Ct. 1961) *aff'd*, 17 A.D.2d 137, 233 N.Y.S.2d 174 (1st Dept. 1962) ("where a party has deceived the other party into a false sense of security . . . he may be estopped from asserting the bar of the statute of limitations").

Finally, Leigh and Allen argue that applying a statute of limitations bar in the circumstances of this case, in which they could not have maintained a federal action because of *Younger*, as then interpreted in this Circuit, until after the three-year limitations period had passed would be inconsistent with the Constitution and laws of the United States. They recognize that the Supreme Court rejected an inconsistency argument in *Tomanio, supra,* but contend that the facts of this case require a different result. Even if I were not bound by the determination in *Tomanio* that application of New York tolling rules is not inconsistent with § 1983 or the Constitution, which I believe I am, regardless of any factual dis-

tinctions between *Tomanio* and this case, I would reject this argument. In essence, Leigh and Allen are claiming that because the statute of limitations and *Younger* together deprived them of a federal forum for their federal claim, New York's limitation rules are inconsistent with federal law. Only this term, however, the Supreme Court rejected the contention that "every person asserting a federal right is entitled to one unencumbered opportunity to litigate that right in a federal district court, regardless of the legal posture in which the federal claim arises." *Allen v. McCurry*, —— U.S. ——, ——, 101 S.Ct. 411, 419, 66 L.Ed.2d 308 (1980). Under *Allen*, there is no "universal right to litigate a federal claim in a federal district court." *Id.* Leigh's and Allen's claim of inconsistency therefore fails, because its basis is, apparently, the contention that there is such a right. The fact that they could at no time have maintained a § 1983 action in federal court due, in part, to New York's rules on limitation of actions and tolling of limitation periods does not mean that those rules are inconsistent with federal law and therefore invalid.

No rule of tolling suggested by plaintiffs saves their action. No rule discovered by this court achieves that result.[3] Therefore, despite the obvious inconsistency of this result as far as the effect of the illegal electronic surveillance is concerned, I conclude that this action is time-barred.

Submit judgment on notice within ten (10) days.

IT IS SO ORDERED.

---

**3.** In addition to the tolling mechanisms relied on by plaintiffs, New York has a judicially-fashioned tolling doctrine that calls for the tolling of limitations periods when no tribunal of competent jurisdiction exists to enforce a given right, *see, e. g., Homer Engineering Co. v. State*, 12 N.Y.2d 508, 240 N.Y.S.2d 973, 191 N.E.2d 455 (Ct. of App.1963). Although the

operation of *Younger* during the relevant period rendered federal fora unavailable to Leigh and Allen until the termination of their state criminal case, state tribunals were available for litigation of their wiretap claim. Therefore, this doctrine, like those relied on by Leigh and Allen, does not avail them.