■ ROBERT E. GIBEAULT et al., Appellants, v HOME INSURANCE COMPANY et al., Respondents. [716 NYS2d 410] —Crew III, J. Appeal from an order of the Supreme Court (Keniry, J.), entered July 16, 1999 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Robert E. Gibeault (hereinafter Gibeault) was involved in two automobile accidents in 1983. In 1984, Gibeault applied to defendant Home Insurance Company for first-party (no-fault) benefits for injuries related to the first 1983 accident. Following denial of his application, Gibeault requested arbitration of his claim and was awarded $15,626 for lost earnings resulting from both motor vehicle accidents. Thereafter, Gibeault filed additional claims for benefits and, following Home's denial thereof, he again sought arbitration. By decision dated April 21, 1988, an arbitrator denied Gibeault's claims. Thereafter, Gibeault successfully sought vacatur of that award and, on August 9, 1988, the matter was remitted for a new arbitration hearing.

Instead of seeking a new hearing, however, Gibeault and his spouse, derivatively, commenced the instant action asserting five causes of action based upon defendants' alleged breach of contract, misrepresentation and bad faith. In June 1994, defendants moved for partial summary judgment, as the result of which Supreme Court dismissed all of plaintiffs' causes of action except that which sought compensatory damages based upon breach of contract. Upon appeal we affirmed, noting that

plaintiffs' claim for compensatory damages based upon defendants' allegedly wrongful denial of benefits was not subject to arbitration (221 AD2d 826). In the ensuing 3½ years, Gibeault apparently took no action to obtain a new arbitration hearing, as a consequence of which defendants moved for summary judgment dismissing plaintiffs' remaining claims for failure to state a cause of action. Supreme Court granted defendants' motion and this appeal ensued.

We affirm. As noted in our prior decision, plaintiffs' election to proceed in an arbitral forum precluded litigation of any arbitral issues in a judicial forum. While it is true that plaintiffs' claims for compensatory damages are not subject to arbitration (*see, Monroe v Providence Washington Ins. Co.*, 126 AD2d 929), defendants' alleged breach of contract, i.e., wrongfully denying benefits, is subject to arbitration and Gibeault's success in that forum is a predicate to continuing the instant litigation. On this point, while we recognize that the issue of whether the arbitration proceeding has been abandoned ordinarily is a question for the arbitrator (*see, New York Tel. Co. v Speciner*, 55 NY2d 1002, 1004), we hold that Gibeault's more than 10-year delay in seeking a new hearing constitutes abandonment as a matter of law, and any arbitral determination to the contrary would be arbitrary and capricious (*see, Matter of Finkelstein [Harris]*, 17 AD2d 137, 138-139, *lv denied* 12 NY2d 646). Accordingly, Supreme Court properly dismissed plaintiffs' complaint.

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.