OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, without costs, in accordance with the following memorandum. The plaintiff executrix made this CPLR 3213 motion for summary judgment by service of a summons, notice of motion for summary judgment and affidavit in support of the motion seeking to collect on two promissory notes. The papers alleged that on or about December 1, 1971 the defendant executed and delivered to the deceased a series of five promissory notes which were given in consideration for the purchase of an interest in certain real property. The first three notes were apparently paid but defendant defaulted on the fourth note, which activated an acceleration clause causing the fifth note to also become due. The defendant served an affidavit in opposition which alleged, inter alia, that the notes were unenforceable because they exacted an usurious rate of interest, and by counterclaim sought payment for excessive interest previously paid. Plaintiff then served a reply affidavit challenging the usury allegation. At this point defendant countered with a supplemental affidavit asserting that the written agreement between the parties included a broad arbitration clause. In his supplemental affidavit defendant demanded arbitration and sought to withdraw his usury counterclaim without prejudice to raise it in the arbitration proceedings.
Although defendant did not immediately assert his demand for arbitration, his delay was explained by an illness and absence from the State where the documents were located. Since all the affidavits in this CPLR 3213 motion were reviewed by Special Term at one time, it cannot be said that defendant’s degree of participation in the action constituted a waiver of his right to demand arbitration (see De Sapio v Kohlmeyer, 35 NY2d 402, 405).
 The demand for arbitration commenced the arbitration proceedings (cf. City Trade & Inds. v New Cent. Jute Mills Co., 25 NY2d 49, 55) and the Appellate Division properly directed that arbitration proceed and that the present pro *898 ceeding be stayed pending the outcome of the arbitration (CPLR 7503). However, the Appellate Division erred when it restricted the scope of the arbitration by declaring that "the projected defense of usury is not available upon arbitration as a matter of public policy (Durst v Abrash, 22 AD2d 39, 44, affd on opn below 17 NY2d 445).” In Durst the court held that a lender who was allegedly exacting a usurious rate of interest could not, as a matter of public policy, protect his transaction from judicial review by including a broad arbitration clause in the "loan” agreement and then demanding that all issues be heard by the arbitrator. The court noted that a lender "desiring to make a usurious agreement impenetrable need only require the necessitous borrower to consent to arbitration and also to arbitrators by name or occupation associated with the lending industry” (Durst v Abrash, 22 AD2d 39, 44, affd 17 NY2d 445, supra). In the present case it is the borrower who seeks to compel arbitration of the entire transaction. The borrower’s demand under the broad arbitration clause does not implicate any of the policy considerations which disturbed the court in Durst. In the context of this case there is no public policy consideration restricting the scope of the arbitrators’ review, nor is there any challenge to the validity of the arbitration agreement itself requiring judicial review (see Matter of Weinrott [Carp], 32 NY2d 190). The clause itself provides that "[a]ny dispute arising out of this Agreement shall be resolved by arbitration”. The clause should be given effect and the arbitrators must necessarily consider all issues relating to the agreement.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed.