■ LONG ISLAND/CONNECTICUT LIMOUSINE GROUP, INC., Respondent, v AIRLIMO EXPRESS, INC., et al., Appellants. [648 NYS2d 112] —In an action to recover on a promissory note brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated April 5, 1995, which denied their motion, in effect, to stay arbitration of the plaintiff's claim on the grounds that the claim would have been barred by the relevant Statute of Limitations had it been asserted in a court of the State.

Ordered that the appeal is dismissed, on the law, without costs or disbursements.

In 1988, the parties entered into a contract for the sale of certain of the assets of the plaintiff's airport transportation business. The contract contained an arbitration clause. The defendants paid a down payment and executed a promissory note for the balance of the purchase price. In September of 1993, the plaintiff commenced an action against the defendants in the Supreme Court by motion for summary judgment in lieu of complaint, alleging that the defendants had breached the promissory note on August 15, 1988. The defendants cross-moved for an order staying the action and compelling arbitration pursuant to the parties' contract. By order dated February

23, 1994, the Supreme Court denied the plaintiff's motion for summary judgment, stayed the action, and granted the defendants' cross-motion to compel arbitration. In December 1994 the plaintiff served a demand on the defendants for arbitration before the American Arbitration Association. However, the defendants moved for a permanent stay of the arbitration, arguing that the plaintiff's demand for arbitration in December 1994, on a breach of contract cause of action that had accrued on August 15, 1988, would have been barred by the relevant six year Statute of Limitations had it been brought in a court of the State (see, CPLR 7502 [b]). The Supreme Court denied the defendants' motion. This Court denied the defendants' motion to stay the arbitration pending determination of this appeal. Consequently, the plaintiff's claim was in fact arbitrated.

The defendants' participation in the arbitration waived their right to appeal the denial of a permanent stay of the arbitration on the ground that the plaintiff's claim would have been barred by the relevant Statute of Limitations had it been brought in a court of the State (see, Matter of Beagle [MVAIC], 19 NY2d 834; Matter of Nationwide Mut. Ins. Co. v Damaskinos, 227 AD2d 627; CPLR 7503 [b]). Thus, this appeal must be dismissed.

In any event, the defendants' arguments lack merit. The arbitration proceeding at issue was commenced in February 1994 (within the relevant six year Statute of Limitations), when the defendants successfully moved for an order compelling arbitration (see, Rosenblum v Steiner, 43 NY2d 896; Matter of Finkelstein [Harris], 17 AD2d 137). Commencement of an arbitration proceeding operates to toll the Statute of Limitations until the actual demand for arbitration is made, unless, in the interim, the parties evince an intent to abandon the arbitration proceeding with the same effect as if it had been formally discontinued (see, Matter of Finkelstein [Harris], supra, at 138). "An abandonment thereof with such effect may result from a lapse of time without any activity therein by the parties or may occur by reason of actions and conduct or omissions clearly indicating the intention of the parties to forego prosecution of the same" (Matter of Finkelstein [Harris], supra, at 138-139). In such a case, the demand for arbitration has the same effect as the commencement of a new arbitration proceeding, "which would be subject to all the infirmities of an independent proceeding; and the abandoned proceeding would not have the effect of tolling the Statute of Limitations for the benefit of the new proceeding" (Matter of Finkelstein [Harris],

*supra,* at 139). Here, none of the parties evinced an intent to abandon the arbitration proceeding. Accordingly, the plaintiff's demand for arbitration was timely. O'Brien, J. P., Ritter, Pizzuto and Altman, JJ., concur.