OPINION OF THE COURT
Kaye, J.
In a dispute involving an insurer’s liability to pay first-party benefits under the No-Fault Law, a claimant denied recovery in arbitration as to certain medical bills cannot then turn to the courts seeking recovery of later medical bills arising from the same accident.
On February 3, 1981, plaintiff, Frances Roggio, was in an accident while driving an automobile insured by defendant, Nationwide Mutual Insurance Co. Nationwide paid claims submitted by Roggio for first-party benefits arising out of the accident until October 22, 1981, when Roggio was examined at Nationwide’s request by Dr. Paul Clark. Dr. Clark reported that Roggio had suffered certain injuries but that there was no objective evidence of orthopedic injuries and no need to continue physiotherapy. Based on his report, Nationwide denied further claims by Roggio for expenses incurred for orthopedic physical therapy treatments, and also denied Roggio’s claims for dental work.
In early 1982, Roggio chose to arbitrate Nationwide’s denial of her claims. Following a hearing before the Health Service Arbitration (H.S.A.) panel (see, 11 NYCRR 65.16 [c] [5]), an award was issued declaring that most of the services rendered were unnecessary, but requiring Nationwide to pay one X-ray *262 and one dental bill. Roggio appealed to a Master Arbitrator (see, 11 NYCRR 65.17), who on July 22, 1982 determined the evidence supported the panel’s decision. The following month, Roggio commenced a CPLR article 75 proceeding to vacate the arbitration award, but the petition was denied in early 1983 and an appeal to the Appellate Division was withdrawn by stipulation. Meanwhile, Roggio submitted another first-party benefits claim for expenses incurred in July 1982, and this claim was also denied by Nationwide. On August 19, 1982, Roggio again opted to arbitrate Nationwide’s denial of that claim. That arbitration has been suspended pending resolution of the present action.
The claim at issue is for reimbursement of $92.04, for a bill of Dr. William Kite submitted to Nationwide on December 9, 1982. When Nationwide refused to pay this bill, Roggio in July 1983 sued in Supreme Court, Albany County. Special Term denied Nationwide’s motion to compel no-fault arbitration or to dismiss the action as barred by res judicata and collateral estoppel, and denied Roggio’s cross motion for summary judgment. On appeal by Nationwide, the Appellate Division dismissed the complaint, concluding that while Roggio’s claim arose after the arbitration award and was therefore not barred by res judicata or collateral estoppel, her election to arbitrate precluded litigation for first-party benefits arising out of the same accident. On this appeal Nationwide recognizes that Roggio is entitled to a hearing on Dr. Kite’s bill, but urges that she is bound by her election to arbitrate. We now affirm the Appellate Division order holding Roggio to her election.
Insurance Law § 5106 (a), in providing that "[pjayments of first party benefits and additional first party benefits shall be made as the loss is incurred”, enables claimants to pursue rapid reimbursement of expenses, as each loss is incurred. Payment is due within 30 days of proof of each loss; a denial of reimbursement entitles the claimant to seek immediate redress, and to recover both the amount of any overdue claim and reasonable attorney’s fees in securing payment. Under section 5106 (b), "[e]very insurer shall provide a claimant with the option of submitting any dispute involving the insurer’s liability to pay first party benefits, or additional first party benefits * * * to arbitration pursuant to simplified procedures to be promulgated or approved by the superintendent.” In furtherance of this authority, the Superintendent has promulgated regulations (11 NYCRR part 65) establishing arbitration *263 procedures to resolve disputes concerning coverage, health services and other matters. The two arbitrations commenced by Roggio concerned health services, and the arbitrators were authorized by regulation to determine whether the expenses were necessarily incurred for professional health services on account of personal injuries arising out of the accident (see, Insurance Law § 5102 [a], [b]; 11 NYCRR 65.16 [c] [3] [ii]).
Roggio contends that because Insurance Law § 5106 (a) provides that benefits become due as each loss is incurred, and because each denial of reimbursement by an insurer is by statute made independently subject to redress, the "option” set forth in section 5106 (b) to arbitrate any dispute must include as well an option to litigate any dispute. We cannot agree. The background and language of the statute persuade us that the option to arbitrate provided by Insurance Law § 5106 (b) should be read as it is written, and that a claimant disappointed in the pursuit of medical expense reimbursement in arbitration cannot, on the next rejected bill arising from the same accident, then look to the courts.
In other settings, claimants would not be permitted to flit between forums for the resolution of issues or items of damage arising from a single injury. Such a result would represent an intolerable drain on our resources for dispute resolution, senselessly prolonging controversies and inviting inconsistent adjudications. "The courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration.” (De Sapio v Kohlmeyer, 35 NY2d 402, 406.) By the same token, parties are not permitted to participate in arbitration on the merits and yet maintain a right to litigate the issues (see, Sherrill v Grayco Bldrs., 64 NY2d 261, 273).
In the setting of no-fault benefits, while each denial of medical expense reimbursement may — for purposes of facilitating quick recoveries — give rise to an independent claim, there is all the more reason why an election to arbitrate should foreclose litigation of subsequent disputes over medical bills growing out of the same accident.*
*264 A legislative objective in enacting the No-Fault Law was to reduce significantly the burden of automobile personal injury litigation on the courts (Memorandum of State Executive Department, 1977 McKinney’s Session Laws of NY, at 2445, 2448; Governor’s Message of Approval of L 1977, ch 892, id., at 2534, 2535). Reading into Insurance Law § 5106 (b) an option to litigate after disappointments in arbitration is obviously inconsistent with this legislative purpose.
Moreover, the clear thrust of section 5106 is to provide no-fault claimants with an opportunity for immediate redress, and by arbitration to offer a mechanism where disputes over reimbursable expenses can be resolved more swiftly and economically than is generally possible in plenary suits. Toward this end, both the statute and the regulations governing health service arbitrations clearly contemplate multiple disputes arising out of the same accident (Insurance Law § 5106 [b]; 11 NYCRR 65.16 [c] [5] [i]), which — when all are in arbitration — can be consolidated for efficient disposition (11 NYCRR 65.16 [c] [5] [i]). Further illustrative of this purpose is the amendment of Insurance Law § 5106 expanding the jurisdiction of arbitration panels to include in a single proceeding resolution of disputes as to additional first-party benefits as well as basic first-party benefits (L 1973, ch 13, as amended by L 1981, ch 340; see also, Chapter Law Memorandum, ch 340, 1981 NY Legis Ann, at 193). The objective of providing an efficient informal mechanism for recovery of benefits is dis-served if a claimant can arbitrate disputes as to certain expenses and also litigate disputes as to other expenses arising out of one accident.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Jasen, Meyer, Alexander and Titone concur; Judge Simons taking no part.
Order affirmed, with costs.

 Roggio’s various claims are not "separate and distinct” (Denihan v Denihan, 34 NY2d 307, 310). In Denihan, the various claims were related only because they were based on the same shareholders’ agreement. Here, in contrast, all the claims not only relate to a single document — the insurance agreement — but also arise out of a single factual occurrence — the motor vehicle accident.