OPINION OF THE COURT
Williams, J.
Plaintiff was in an automobile accident on April 8, 1984. On August 10, 1984 she filed no-fault claims for lost wages and medical benefits. Based on the report of defendant’s examining physician she was denied further medical benefits and lost *250 wages as of August 31, 1984. She elected no-fault arbitration as to lost wages only. In February 1986 an arbitration award as to lost wages was rendered in her favor for $2,622.
In September 1986 she sued in Civil Court for payment of medical bills in the sum of $4,809 allegedly due for her injuries from the accident. Defendant moved to dismiss the action on the ground that plaintiff was precluded because of her earlier resort to no-fault arbitration, per Roggio v Nationwide Mut. Ins. Co. (66 NY2d 260). Special Term denied the motion and defendant appeals.
In Roggio (supra) a claimant who was denied recovery in no-fault arbitration as to certain medical bills then resorted to a court action against her no-fault insurer as to later medical bills arising from the same accident. The court held that defendant was entitled to dismissal of the complaint. The court stated (66 NY2d 260, 263-264, supra):
"In other settings, claimants would not be permitted to flit between forums for the resolution of issues or items of damage arising from a single injury. Such a result would represent an intolerable drain on our resources for dispute resolution, senselessly prolonging controversies and inviting inconsistent adjudications. * * *
"Moreover, the clear thrust of [Insurance Law] section 5106 is to provide no-fault claimants with an opportunity for immediate redress, and by arbitration to offer a mechanism where disputes over reimbursable expenses can be resolved more swiftly and economically than is generally possible in plenary suits. Toward this end, both the statute and the regulations governing health service arbitrations clearly contemplate multiple disputes arising out of the same accident * * * which— when all are in arbitration — can be consolidated for efficient disposition * * *. The objective of providing an efficient informal mechanism for recovery of benefits is disserved if a claimant can arbitrate disputes as to certain expenses and also litigate disputes as to other expenses arising out of one accident.”
Special Term and respondent distinguish Roggio (supra) because involved therein was the single claim of medical expenses while here the claims are different in kind. Respondent argues that such differentiation is shown by the fact that Insurance Law § 5102 (a), which defines basic economic loss, includes in one paragraph a listing of medical and allied expenses, but defines loss of earnings in a separate paragraph. *251 Respondent also argues that since statutes in derogation of the common law are to be strictly construed, and since the relevant statutes do not prohibit bringing separate claims in separate forums, the common-law right to sue for damages should be maintained in a case such as this.
There is no merit in these arguments. While Roggio (supra) indeed involved the single claim of medical expenses, the opinion referred to the generalities of "issues or items of damage arising from a single injury” (at 263), and "multiple disputes arising out of the same accident” (at 264). Particularly to be noted is its statement that "[t]he objective of providing an efficient informal mechanism for recovery of benefits is disserved if a claimant can arbitrate disputes as to certain expenses and also litigate disputes as to other expenses arising out of one accident” (at 264). There is therefore no reason in this case for limiting Roggio to its precise facts.
Order denying defendant’s motion is reversed, motion granted and the complaint dismissed.
Kassoff, P. J. and Pizzuto, J., concur.