■ Robert E. Gibeault et al., Appellants, v Home Insurance Company et al., Respondents. [633 NYS2d 678] —Crew III, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered August 8, 1994 in Saratoga County, which granted defendants' motion for partial summary judgment dismissing certain claims for damages.

Plaintiff Robert E. Gibeault (hereinafter Gibeault) was involved in two automobile accidents in 1983; the first accident occurred on March 16, 1983 and the second accident occurred on September 21, 1983. In December 1984, Gibeault applied to defendant Home Insurance Company for first-party (no-fault) benefits for injuries related to the March 1983 accident. Following denial of his application, Gibeault requested arbitration of his claim and was awarded approximately $15,000 for lost earnings. Gibeault thereafter filed additional claims for benefits stemming from both the March 1983 and September 1983 accidents and, following additional denials by Home, again sought arbitration. By decision dated April 21, 1988, the arbitrator denied Gibeault's claim and Gibeault thereafter sought vacatur of that award, contending, *inter alia*, that the award failed to reflect that claims for both accidents were at issue. Gibeault's request was granted and the matter was remitted for a new hearing.

Gibeault thereafter abandoned his arbitration, and plaintiffs commenced this action alleging breach of contract, misrepresentation and bad faith and seeking recovery for medical expenses, pain and suffering, counsel fees and interest, as well as punitive damages. Following joinder of issue, defendants moved

for partial summary judgment on the ground that Gibeault's election to arbitrate precluded any claim for first-party benefits in this action, specifically claims for medical, prescription and home health care expenses, and that neither punitive damages nor counsel fees were appropriate under these circumstances. Supreme Court granted defendants' motion and this appeal by plaintiffs followed.

On appeal, plaintiffs argue that it is unclear whether claims for both the March 1983 and September 1983 accidents actually were submitted to arbitration and, as such, a question of fact exists as to the scope of the underlying arbitration, thereby precluding partial summary judgment. This argument is meritless. Although the record reflects that the April 1988 award was vacated because it was not clear whether the arbitrator had in fact considered claims relating to both accidents, plaintiffs' own submissions plainly establish that claims arising out of both the March 1983 and September 1983 accidents indeed were submitted to arbitration. Plaintiffs, having elected to proceed in that forum, cannot now attempt to litigate claims that were the subject of that arbitration (*see, Roggio v Nationwide Mut. Ins. Co.*, 66 NY2d 260, 263).[1] Plaintiffs' remaining contentions have been examined and found to be lacking in merit.[2] Accordingly, Supreme Court's order should be affirmed.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.

1. As defendants acknowledge, any claim that plaintiffs may have for compensatory damages resulting from defendants' allegedly wrongful denial of benefits survives, as such a claim could not have been subject to arbitration (*see, Monroe v Providence Washington Ins. Co.*, 126 AD2d 929, 929-930).

2. Plaintiffs failed to brief the dismissal of their claim for punitive damages and counsel fees and, therefore, we deem these issues to be abandoned (*see, First Natl. Bank v Mountain Food Enters.*, 159 AD2d 900, 901).