OPINION OF THE COURT
Memorandum.
*87 Order unanimously modified by granting plaintiffs motion for summary judgment and matter is remanded to the court below for the calculation of statutory interest and an assessment of attorney’s fees; as so modified, affirmed without costs.
Plaintiff commenced this action to recover $4,749.82 in first-party no-fault benefits, as well as statutory interest and attorney’s fees, for medical services rendered to its assignor for injuries he sustained in an automobile accident, pursuant to Insurance Law § 5101 et seq. Thereafter, plaintiff moved for summary judgment, which motion was denied by order entered June 10, 2003.
A review of the record indicates that plaintiff established its prima facie entitlement to summary judgment by showing that it submitted complete proof of claims to defendant for $740, $2,010.70, and $1,999.12 (see Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists]). The burden then shifted to defendant to rebut plaintiffs prima facie case by proof in admissible form establishing that the services rendered were not medically necessary (see Amaze Med. Supply v Eagle Ins. Co., supra) and thereby raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
This case squarely addresses the issue of timely denials which was raised, in dicta, in our prior holding in Amaze. While the timely denials defendant submitted in the claim stage constituted sufficient denials based on the defense of lack of medical necessity, defendant must, nevertheless, submit proof in admissible form to rebut plaintiffs prima facie showing to oppose a motion for summary judgment (see Amaze Med. Supply v Eagle Ins. Co., supra). Inasmuch as defendant solely submitted the affirmation of its attorney in opposition to plaintiffs motion for summary judgment and did not submit a sworn peer review report to support its allegation of lack of medical necessity for the services rendered, it failed to oppose the motion by proof in admissible form (see A.B. Med. Servs. v New York Cent. Mut. Fire Ins. Co., 3 Misc 3d 136[A], 2004 NY Slip Op 50507[U] [decided herewith]).
In view of the foregoing, plaintiff is granted summary judgment in the sum of $4,749.82, and the matter is remanded for *88 the calculation of statutory interest and an assessment of attorney’s fees pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder.
Pesce, PJ., Golia and Rios, JJ., concur.