■ RAY CORTEZ, Respondent, v COUNTRYWIDE INSURANCE CO., Appellant. [793 NYS2d 189]—

In an action, inter alia, to recover unpaid no-fault benefits, the defendant appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), dated October 29, 2002, which, upon granting, in part, the plaintiff's motion for summary judgment, is in favor of the plaintiff and against it in the principal sum of $229,815.

Ordered that the judgment is reversed, on the law, with costs, the motion is denied, upon searching the record, summary judgment is awarded to the defendant, and the complaint is dismissed.

Several years before he commenced the instant action, the plaintiff, who was involved in an automobile accident, commenced an arbitration proceeding against the defendant to recover no-fault benefits he alleged had been improperly denied (*see* Insurance Law § 5106 [b]). By electing to arbitrate, the plaintiff waived his right to commence an action to litigate subsequent disputes over no-fault benefits to which he was allegedly entitled as a result of that accident (*see Roggio v Nationwide Mut. Ins. Co.*, 66 NY2d 260, 263-264 [1985]; *Gaul v American Employers' Ins. Co.*, 302 AD2d 875 [2003]; *Mack v State Farm Mut. Auto. Ins. Co.*, 251 AD2d 1083 [1998]; *Gibeault v Home Ins. Co.*, 221 AD2d 826 [1995]).

Although the defendant did not move for summary judgment dismissing the complaint on the ground that the plaintiff was precluded from maintaining this action, this Court has the authority pursuant to CPLR 3212 (b) to search the record and award summary judgment to a nonmoving party with respect to a cause of action or issue that was the subject of the motion before the Supreme Court (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111 [1984]). Under the circumstances of this case, as it is clear that the plaintiff is precluded from maintaining this action, we award summary judgment to the defendant and dismiss the complaint.

In light of our determination, we need not reach the defendant's remaining contentions. H. Miller, J.P., Ritter, Rivera and Spolzino, JJ., concur.