OPINION OF THE COURT
Memorandum.
Order reversed without costs, plaintiffs’ motion for summary judgment granted and matter remanded to the court below for a calculation of statutory interest and an assessment of attorney’s fees.
In this action to recover first-party no-fault benefits for medical services rendered to their assignors, plaintiffs established a prima facie entitlement to summary judgment by proof that they submitted claims, setting forth the fact and the amount of the losses sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; A.B. Med. Servs. PLLC v Lumbermens Mut. Cas. Co., 4 Misc 3d 86 [App Term, 2d & 11th Jud Dists 2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]).
Defendant’s denial of claim forms, submitted by plaintiffs for their claims pertaining to assignor Lapomarel in the sum of $4,980.17 and assignor Henningham in the sum of $2,160.94, which indicated the dates on which the claims were received, adequately established that plaintiffs sent, and that defendant received, these respective claims (see A.B. Med. Servs. v New York Cent. Mut. Fire Ins. Co., 3 Misc 3d 136[A], 2004 NY Slip Op 50507[U] [App Term, 2d & 11th Jud Dists 2004]). The stated *21 basis for denial of these claims was the failure of plaintiffs’ assignors to appear for scheduled independent medical examinations (IMEs).
Pursuant to the mandatory personal injury protection endorsement of the insurance regulations, “[t]he eligible person shall submit to medical examination . . . when, and as often as, the Company may reasonably require” (11 NYCRR 65.12 [e], now 11 NYCRR 65-1.1 [d]). Where
“an insurer timely asserts in its claim denial form an injured person’s failure to comply with a reasonable and proper preclaim IME request, and establishes such failure in admissible form in opposition to a plaintiffs motion for summary judgment, the presumption of medical necessity which attaches to the claim form is rebutted . . . [and] such proof defeats the motion” (Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 7 Misc 3d 18, 22 [App Term, 2d & 11th Jud Dists 2004]; see also S&M Supply Inc. v Peerless Ins. Co., 6 Misc 3d 127[A], 2004 NY Slip Op 51683[U] [App Term, 2d & 11th Jud Dists 2004]).
Contrary to plaintiffs’ contention, the insurance rules governing postclaim verification requests, including the “follow-up” requirements (see 11 NYCRR 65.15 [e] [2], now 11 NYCRR 65-3.6 [b]; see also 11 NYCRR 65.15 [d] [2], [3], [4], now 11 NYCRR 65-3.5 [b], [d], [e]; 11 NYCRR 65.15 [g] [1] [i], now 11 NYCRR 65-3.8 [a] [1]) are inapplicable to an insurer’s preclaim IME requests (Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 7 Misc 3d 18 [2004], supra). A plaintiff, however, may be entitled to prevail on its summary judgment motion, if in support thereof it
“explain[s] the eligible injured person’s failure to attend the [preclaim] IME by offering a valid excuse for such nonappearance, or [submits] proof that, under the circumstances, the IME request was unreasonable and, thus, not authorized by 11 NYCRR 65.12 (now 11 NYCRR 65-1.1). . . [and] defendant’s opposition papers otherwise fail to raise a triable issue of fact” (Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 7 Misc 3d at 22).
It is undisputed on the record that defendant timely denied these claims. Further, the affidavit of plaintiffs’ assignors establishes that they received defendant’s IME requests dated May 4, 2001, scheduling a chiropractic IME on May 18, 2001, *22 and a neurological IME on May 21, 2001. In their affidavit, plaintiffs’ assignors also alleged that they could not attend the IMEs and that prior thereto they sought to reschedule same. Defendant rescheduled the May 18, 2001 appointment to June 4, 2001, but subsequently cancelled the June 4, 2001 appointment. Plaintiffs’ assignors further alleged that defendant refused their prior request to reschedule the May 21, 2001 appointment.
These factual allegations were sufficient to demonstrate a reasonable excuse for nonattendance by plaintiffs’ assignors at the IME scheduled for June 4, 2001, since defendant cancelled this appointment. Moreover, the affidavit indicates that plaintiffs’ assignors acted in good faith in attempting to reschedule the May 21, 2001 IME appointment. In opposition to plaintiffs’ motion, defendant has not disputed the allegations in the affidavit nor demonstrated that plaintiffs’ assignors were not acting in good faith in attempting to schedule mutually convenient IMEs, or otherwise addressed the same. In the absence of any such showing by defendant, its papers in opposition to plaintiffs’ motion are insufficient to raise any issue of fact with respect to the assignors’ proffered valid excuse for their nonattendance. Accordingly, under our holding in the case of Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co. (7 Misc 3d 18 [2004], supra), defendant has failed to rebut the presumption of medical necessity which attaches to the claim form.
Plaintiffs submitted proper proof of mailing with regard to the remaining claims pertaining to assignor Lapomarel in the sum of $8,869.96 and assignor Henningham in the sum of $10,097.42, for which there are no denial of claim forms (see Amaze Med. Supply v Allstate Ins. Co., 3 Misc 3d 133[A], 2004 NY Slip Op 50447[U] [App Term, 2d & 11th Jud Dists 2004]). It is undisputed that defendant did not issue timely denial of claim forms within the 30-day prescribed period as required under the insurance regulations (see 11 NYCRR 65.15 [g] [3], now 11 NYCRR 65-3.8 [c]), nor did it seek to extend the 30-day period by a timely verification request (see 11 NYCRR 65.15 [g] [3], now 11 NYCRR 65-3.5 [b]). Accordingly, defendant is precluded from asserting the defense of nonattendance at the scheduled IMEs (see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 282 [1997]). In any event, even assuming there were timely denials of these claims, defendant’s opposition papers fail to raise an issue of fact with regard to said defense for the reasons set forth above.
*23 Defendant’s reliance on a prior arbitration award in its favor, which denied no-fault benefits sought to be recovered by the claimant Park Slope Medical Diagnostics as assignee of Lapomarel, and which involved claims arising from the same accident upon which the claims in the instant action are based, is misplaced. Insurance Law § 5106 (b) sets forth that ££[e]very insurer shall provide a claimant with the option of submitting any dispute involving the insurer’s liability to pay first party benefits ... to arbitration pursuant to simplified procedures to be promulgated or approved by the superintendent.” A claimant’s election to arbitrate disputed no-fault claims waives the right to litigate subsequent claims arising from the same accident (see Roggio v Nationwide Mut. Ins. Co., 66 NY2d 260, 263-264 [1985] [although the plaintiff’s claim arose after the arbitration award and was therefore not barred by res judicata and collateral estoppel, her election to arbitrate precluded litigation for first-party benefits arising out of the same accident]; Cortez v Countrywide Ins. Co., 17 AD3d 508 [2005]; Gaul v American Employers’ Ins. Co., 302 AD2d 875 [2003]; Rockaway Blvd. Med. P.C. v Progressive Ins., 2003 NY Slip Op 50938[U] [App Term, 2d & 11th Jud Dists 2003]).
The prior arbitration proceeding involved a different claimant provider, and cannot act to preclude the instant action commenced by the plaintiffs providers seeking reimbursement of disputed no-fault benefits, even though the claims arise from the same accident. Pursuant to Insurance Law § 5106 (b), each claimant provider may independently exercise the right to elect to submit their respective claims to arbitration, and the election to arbitrate by one provider does not bar another provider from resorting to the court in the first instance for resolution of disputed no-fault benefits. Consequently, the providers herein are not precluded from bringing the instant suit. Moreover, in the absence of privity between the providers, the determination in the prior arbitration proceeding cannot be accorded res judicata or collateral estoppel effect against plaintiffs in the instant action.
Accordingly, summary judgment is granted in favor of plaintiffs, and the matter is remanded for the calculation of statutory interest and an assessment of attorney’s fees pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder.