OPINION OF THE COURT
Karen Rothenberg, J.
*501 In this action to recover no-fault first-party benefits for services provided to its assignor for an accident that occurred on December 8, 2000, plaintiffs establish a prima facie entitlement to summary judgment by proof that they submitted to defendant the statutory claim forms, setting forth the fact and the amount of the losses sustained ($4,427.36, $2,490.78, $1,945.56, $505.50, $208.25, and $500) and that payment of no-fault benefits was overdue (see A.B. Med. Servs. PLLC v CountryWide Ins. Co., 6 Misc 3d 137[A], 2005 NY Slip Op 50255[U] [App Term, 2d & 11th Jud Dists 2005]). The burden then shifts to the defendant to rebut plaintiffs’ prima facie case by the submission of proof in admissible form sufficient to raise a triable issue of fact (see A.B. Med. Servs. PLLC v Lumbermens Mut. Cas. Co., 4 Misc 3d 86 [App Term, 2d & 11th Jud Dists 2004]).
In regard to the claim of G.A. Physical Therapy in the amount of $208.25, defendant submits evidence of an arbitral award in its favor which denied no-fault benefits to this claimant for a bill dated March 21, 2001. There is no dispute that this is the same bill being litigated in this action. The prior arbitral award should be accorded res judicata effect against plaintiff in this action. It is well settled that res judicata and collateral estoppel are applicable to arbitration awards, including those rendered in disputes over no-fault benefits, and will bar relitigation of the same claim or issue (see Matter of Ranni [Ross], 58 NY2d 715 [1982]; Monroe v Providence Washington Ins. Co., 126 AD2d 929 [3d Dept 1987]). While defendant did not move for summary judgment dismissing this claim on these grounds, the court has authority to grant summary judgment to a nonmoving party if justified by the record. (CPLR 3212 [b].) Accordingly, plaintiff, G.A. Physical Therapy P.C.’s claim for $208.25 is dismissed.
In regard to the bills for services rendered by A.B. Medical Services FLLC, Daniel Kim’s Acupuncture EC., and Royalton Chiropractic EC., defendant submits evidence that in December 2001, prior to the commencement of this litigation, plaintiffs submitted these claims to the American Arbitration Association (AAA). Defendant also submits evidence that in August 2003 it received notification from AAA that plaintiffs withdrew these claims with prejudice. Defendant argues therefore that plaintiffs are precluded from maintaining these actions. In reply, plaintiffs’ counsel contends that it was plaintiffs’ intention to withdraw the claims with prejudice only from arbitration and without prejudice to litigation. Counsel’s argument is without *502 merit. Regardless of their intentions, plaintiffs are bound by their election to arbitrate their claims and are precluded from maintaining this litigation.
Pursuant to Insurance Law § 5106 (b) “[e]very insurer shall provide a claimant with the option of submitting any dispute involving the insurer’s liability to pay first party benefits ... to arbitration pursuant to simplified procedures to be promulgated or approved by the superintendent.” Once the election is made to arbitrate a claim for first-party no-fault benefits, the right to litigate future claims arising out of the same accident is foreclosed (see Roggio v Nationwide Mut. Ins. Co., 66 NY2d 260 [1985]). In Roggio (supra), the Court of Appeals dismissed the plaintiff’s complaint for first-party benefits holding that a claimant, denied recovery in arbitration as to certain medical bills, cannot then resort to the courts to seek recovery of later medical bills that arise out of the same accident. The Court’s rationale being to prevent claimants “flit[ting] between forums for the resolution of issues or items of damage arising from a single injury . . . [which] would represent an intolerable drain on our resources for dispute resolution, senselessly prolonging controversies and inviting inconsistent adjudications.” (Roggio at 263.) The Court further reasoned that by providing claimants “an option to litigate after disappointments in arbitration [would] obviously [be] inconsistent with [the] legislative purpose” of the No-Fault Law. (Roggio at 264.)
After Roggio, courts have invariably held that the election to arbitrate a claim for first-party benefits, waives the right to litigate all subsequent claims that arise out of the same accident (see Cortez v Countrywide Ins. Co., 17 AD3d 508 [2d Dept 2005]; Gaul v American Employers' Ins. Co., 302 AD2d 875 [4th Dept 2003]; Gibeault v Home Ins. Co., 221 AD2d 826 [3d Dept 1995]).
In Roggio, and the other cited cases, the issue involved litigation of subsequent claims after an arbitral award on an initial claim. In this matter the issue involves litigation of claims originally submitted to arbitration where no arbitral award was made. Nevertheless, in this judicial district, at least, it appears that once the claim is submitted to arbitration, it must be adjudicated in that forum. In Rockaway Blvd. Med. P.C. v Progressive Ins. (2003 NY Slip Op 50938[U] [App Term, 2d & 11th Jud Dists 2003]), the plaintiff’s claim at arbitration was dismissed without prejudice to plaintiff renewing its application for arbitration upon production of a proper assignment. Instead, the plaintiff commenced litigation of the claim. The court, citing *503 Roggio, dismissed the complaint and held that “once a claimant chooses arbitration, it cannot resort to the courts.” (At *2.)
In light of the above, this court is reluctant to limit Roggio to its precise facts. Accordingly, once a claim for first-party benefits is submitted to arbitration, the claimant is bound by that election and cannot reopt for litigation, even if the merits of the matter were not reached. Accordingly, while defendant did not move to dismiss these claims, the court, after review of the record, is awarding summary judgment to the defendant dismissing these plaintiffs’ claims for bills in the amounts totaling $4,427.36, $2,490.78, and $505.50.
The remaining bills submitted by D.A.V Chiropractic EC. in the amounts of $189.54, $302.12, and $1,999.12, and Square Synagogue Transportation Inc., in the amount of $500, were not the subject of a prior arbitration. As to these bills, defendant’s denials, except for the bill in the amount of $1,999.12, are untimely on their face. Defendant contends that these claims were properly denied based upon the assignors’ failure to attend independent medical examinations (IMEs). Defendant however, fails to produce competent proof in admissible form that it made timely verification requests for IMEs, extending the 30-day period within which it must pay or deny the claims (see Ocean Diagnostic Imaging P.C. v New York Cent. Mut. Fire Ins. Co., 9 Misc 3d 138[A], 2005 NY Slip Op 51772[U] [App Term, 2d & 11th Jud Dists 2005]). The affidavit of defendant’s no-fault claims representative, Cathy Symonds, is deficient and fails to establish that requests for IMEs were timely mailed to the assignors (see Careplus Med. Supply Inc. v Gen. Assur. Co., 7 Misc 3d 126[A], 2005 NY Slip Op 50429[U] [App Term, 9th & 10th Jud Dists 2005]). Even assuming that defendant submitted proper proof of mailing of the initial IME requests, defendant has failed to demonstrate that it complied with a timely follow-up request (see New York Hosp. Med. Ctr. of Queens v Country-Wide Ins. Co., 295 AD2d 583 [2d Dept 2002]). In light thereof, defendant is precluded from asserting its defense of the assignors’ nonappearance at scheduled IMEs for these three claims. In regard to the bill in the amount of $1,999.12, it is undisputed that defendant timely denied the claim. This denial, like the others, was based upon the assignors’ nonappearance for IMEs. Although the denial was timely, the defendant’s failure to follow up its request for verification, makes the denial “ineffective to avoid preclusion” (see King’s Med. Supply Inc. v Kemper Auto & Home Ins. Co., 7 Misc 3d *504 128[A], 2005 NY Slip Op 50450[U], *3 [App Term, 2d & 11th Jud Dists 2005]).
Based on the foregoing, plaintiffs’ motion for summary judgment is granted in part and denied in part. Judgment shall be entered in favor of plaintiffs, D.A.V Chiropractic EC. in the amounts of $2,490.78 and Square Synagogue Transportation in the amount of $500, plus statutory interest and attorney’s fees as provided by Insurance Law § 5106 (a) and the regulations promulgated thereunder, as well as costs and disbursements. Defendant is awarded summary judgment dismissing the remainder of the claims.