*91 OPINION OF THE COURT
Memorandum.
Judgment reversed without costs, order granting plaintiffs motion for summary judgment vacated, plaintiffs motion for summary judgment denied and, upon searching the record, summary judgment granted in favor of defendant dismissing the action.
Plaintiff commenced the instant action alleging that defendant owed him an additional $8,535.56 in lost earnings pursuant to the optional basic economic loss (OBEL) coverage endorsement to the applicable automobile insurance policy. Defendant asserts that plaintiff is not entitled to further payments since the OBEL coverage is exhausted.
Pursuant to Insurance Law § 5102 (a), automobile insurance policies issued in New York provide for up to $50,000 in coverage for basic economic loss for each person injured in an accident. As such, the $50,000 coverage could be used to pay, among other things, an injured person’s medical bills and lost earnings “from work which the person would have performed if he [or she] had not been injured . . . , up to two thousand dollars per month . . „ (Insurance Law § 5102 [a] [2].) Insurance Law § 5102 (b) provides that payments for lost earnings are to be reduced by 20% as well as by the amount the eligible injured person receives from collateral sources such as state disability benefits. In Kurcsics v Merchants Mut. Ins. Co. (49 NY2d 451, 457 [1980]), the Court of Appeals explained that the 20% reduction applicable to claims for lost earnings was intended to avoid a windfall to the eligible injured person since payments for lost earnings would not be includable in income for the purposes of federal income taxation. Thus, the 20% reduction was to be applied to the actual gross lost earnings per month without regard to the maximum $2,000 recoverable as lost earnings per month. In addition, in light of the holdings in Heitner v Government Empls. Ins. Co. (64 NY2d 834 [1985], revg 103 AD2d 111 [1984] for reasons stated at 118 Misc 2d 752 [1983]) and Normile v Allstate Ins. Co. (87 AD2d 721 [1982], affd 60 NY2d 1003 [1983] for reasons stated below), it is settled that to the extent payments received by the injured person from, among other things, state disability insurance reduce the amount of lost earnings payable under Insurance Law § 5102 (a) (2), such reductions are credited to the insurer and are used to deplete the amount of coverage available to pay basic economic loss benefits. Consequently, an eligible injured person who has gross *92 lost earnings equal to or greater than $2,500 in a month would, after application of the 20% reduction (see Insurance Law § 5102 [b]), be qualified to receive the full $2,000 monthly payment authorized by Insurance Law § 5102 (a) (2) prior to a reduction, if any, for payments received from, among other things, state disability insurance. The Normile case unequivocally held that an insurer’s obligation to pay lost earnings as basic economic loss can be satisfied notwithstanding the fact that the actual amount paid will be less than the amount of coverage for available basic economic loss.
Insurance Law § 5102 (a) states that “ ‘[bjasic economic loss’ means, up to fifty thousand dollars per person” of coverage. Insurance Law § 5102 (a) (5) provides that “ ‘[b]asic economic loss’ shall also include an additional option to purchase, for an additional premium, an. additional twenty-five thousand dollars of coverage ...” (emphasis added), i.e., the OBEL coverage. In this appeal, defendant asserts that the 20% reduction upon a claim for lost earnings and the reduction for disability payments received are likewise applicable to the $25,000 in OBEL coverage available to plaintiff. Plaintiff argues that the statutory 20% reduction applicable to a claim for lost earnings pursuant to Insurance Law § 5102 (b) (1) is only applicable to claims for lost earnings paid from the mandatory $50,000 in coverage for basic economic loss, but that it is not to be applied to an OBEL claim for lost earnings, i.e., to sums sought beyond the $50,000 mandatory coverage. Plaintiff also contends that the reduction set forth in Insurance Law § 5102 (b) (2) for disability benefits he received was to be applied to his actual loss rather than to the $2,000 monthly limit for lost earnings. We agree with defendant’s interpretation.
Insofar as is relevant, Insurance Law § 5102 (b) defines “first party benefits” as “payments to reimburse a person for basic economic loss” without any indication of a distinction between the applicability of Insurance Law § 5102 (b) to the mandatory $50,000 in coverage for basic economic loss and the additional $25,000 in coverage provided through OBEL. Further, the “Optional Basic Economic Loss Coverage Endorsement” which insurers are required to furnish to all insureds who purchase OBEL coverage states, in pertinent part: “Basic economic loss of each eligible injured person on account of any single accident shall not exceed $75,000, the last $25,000 of which represents optional basic economic loss coverage, payable after the first $50,000 of basic economic loss has been exhausted” (11 NYCRR *93 65-1.2 [a]). Thus, the statute, as well as the regulation which was effective April 5, 2002, establish that when OREL coverage is purchased, there is $75,000 in coverage for basic economic loss. We find that the reductions contained in Insurance Law § 5102 (b) are applicable to the entire $75,000 in basic economic loss coverage since we discern no basis for disparate treatment of the mandatory coverage for basic economic loss and OREL coverage.
In light of the foregoing, since defendant’s payments to plaintiff for lost earnings exhausted the OREL coverage, the judgment is reversed and plaintiffs motion for summary judgment is denied. Further, upon a search of the record, defendant is entitled to summary judgment dismissing the action (see Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106 [1984]; Halloway v State Farm Ins. Cos., 23 AD3d 617 [2005]; Cortez v Countrywide Ins. Co., 17 AD3d 508 [2005]).
Pesce, EJ., Weston Patterson and Relen, JJ., concur.