OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, defendant’s motion to dismiss the complaint is denied, and the complaint is reinstated.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved, pursuant to CPLR 3211 and CPLR 3212, to dismiss the complaint. Defendant contended that plaintiff was precluded from litigating its entitlement to first-party no-fault benefits since a prior claim by another provider involving plaintiffs assignor arising out of the same accident, which claim had been denied by defendant based on a lack of coverage, had already been considered in an arbitration proceeding and had resulted in an award denying reimbursement of no-fault benefits to the claimant therein. Consequently, defendant argued, the complaint should be dismissed without prejudice to plaintiffs pursuing the matter in arbitration. In the alternative, defendant contended that the action should be dismissed with prejudice on the ground that plaintiffs assignor had not been involved in the motor vehicle accident in question. The Civil Court, citing Roggio v Nationwide Mut. Ins. Co. (66 NY2d 260 [1985]), granted defendant’s motion to the extent of dismissing the complaint without prejudice to plaintiffs pursuing reimbursement of no-fault benefits in an arbitration proceeding. This appeal by plaintiff ensued.
In Roggio, the Court of Appeals held that a claimant who elected to arbitrate disputed claims for first-party no-fault *23 benefits waived the right to commence an action to litigate subsequent claims arising from the same accident (see also Cortez v Countrywide Ins. Co., 17 AD3d 508 [2005]). However, a prior arbitration proceeding involving a different claimant provider does not preclude another provider from commencing its own action seeking reimbursement of assigned no-fault benefits, even though the claims may arise from the same accident (see A.B. Med. Servs. PLLC v USAA Gen. Indem. Co., 9 Misc 3d 19 [App Term, 2d & 11th Jud Dists 2005]).
“Pursuant to Insurance Law § 5106 (b), each claimant provider may independently exercise the right to elect to submit their respective claims to arbitration, and the election to arbitrate by one provider does not bar another provider from resorting to the court in the first instance for resolution of disputed no-fault benefits . . . Moreover, in the absence of privity between the providers, the determination in the prior arbitration proceeding cannot be accorded res judicata or collateral estoppel effect against plaintiffs in the instant action” (id. at 23).
Since plaintiff was not involved in the prior arbitration proceeding, and since there was no showing of privity between plaintiff and the provider who was a party to that proceeding, plaintiff was not barred from commencing the instant action, and it was error for the Civil Court to dismiss the complaint without prejudice to plaintiffs pursuing the matter in arbitration.
With respect to defendant’s alternative ground for dismissal, we find that defendant did not establish its prima facie entitlement to summary judgment based on its lack of coverage defense “premised on the fact or founded belief that the alleged injury does not arise out of an insured incident” (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]), as the proof offered in support of this branch of its motion seeking summary judgment was not in admissible form (see LMS Med. Care, P.C. v State Farm Mut. Auto. Ins. Co., 15 Misc 3d 141 [A], 2007 NY Slip Op 51072[U] [App Term, 2d & 11th Jud Dists 2007]; A.B. Med. Servs. PLLC v Utica Mut. Ins. Co., 10 Misc 3d 50, 52 [App Term, 2d & 11th Jud Dists 2005]). Consequently, defendant’s motion should have been denied in its entirety.
Accordingly, the order is reversed, defendant’s motion to dismiss the complaint is denied, and the complaint is reinstated.