Steinhardt, J.
(dissenting and voting to affirm the order in the following memorandum). Although I am in full agreement *24 with the majority that plaintiff is not limited as to the choice of forum (A.B. Med. Servs. PLLC v USAA Gen. Indem. Co., 9 Misc 3d 19 [2005]), I would affirm the order because I believe plaintiff’s case should be dismissed with prejudice. The dismissal by the arbitrator in the prior proceeding involving the assignor herein should be binding on this court. It was previously determined that Klever Guarnan was not present in the motor vehicle at the time and place of the accident that allegedly caused his injuries. The police report submitted in support of defendant’s motion clearly indicates that the only people present in the respective vehicles were the drivers. In other words, Guaman’s claim of being in the passenger seat of the car being driven by Joffre Gonzalez is belied by the police officer’s observation at the scene. Were the police officer to testify, that portion of the report would be admissible. The arrest report, wherein Guarnan admits that he was not involved in the accident for which a provider sought to recover no-fault benefits, is, in this writer’s opinion, an admission against interest and, therefore, admissible evidence that may be considered on a motion for summary judgment. I would dismiss plaintiffs complaint on the theory that the assignor is a person not entitled to recover.
Pesce, EJ., and Rios, J., concur; Steinhardt, J., dissents in a separate memorandum.