563 Grand Medical, P.C., as Assignee of Raymond Martinez, Appellant, 
against
Country-Wide Ins. Co., Respondent.




Gary Tsirelman, P.C. (Darya Klein of counsel), for appellant.
Jaffe & Koumourdas, LLP (Jean H. Kang of counsel), for respondent.
Separate
 appeals from orders of the Civil Court of the City of New York, Kings County (Theresa M. Ciccotto, J.), entered May 18, 2015 and May 26, 2016, respectively. The order entered May 18, 2015 granted the branch of defendant's motion seeking summary judgment dismissing the complaint and denied plaintiff's cross motion, in effect, to amend the complaint. The order entered May 26, 2016 denied plaintiff's motion for leave to reargue.




ORDERED that, on the court's own motion, the appeals are consolidated for purposes of disposition; and it is further,
ORDERED that the order entered May 18, 2015 is affirmed, with $25 costs; and it is further,
ORDERED that the appeal from the order entered May 26, 2016 is dismissed, as no appeal lies from an order denying reargument (see Andre v City of New York, 47 AD3d 605 [2008]; DeFreitas v Board of Educ. of City of Mount Vernon Dist. No. 416, 129 AD2d 672 [1987]).
Prior to the commencement of this action by a provider to recover assigned first-party no-fault benefits arising out of injuries allegedly sustained by its assignor in a motor vehicle accident on August 3, 1999, the provider had submitted claims, involving the same assignor and the same motor vehicle accident, to arbitration. The arbitrator found that the provider had failed to prove its standing to sue, as the provider's proof was insufficient to establish that the signers of the claim forms were the provider's employees rather than independent contractors. The arbitrator's award, dated September 10, 2003, dismissed the claim "without prejudice to the Applicant's right [*2]to initiate a new arbitration with supplementary proofs." There was no new arbitration or any application to vacate or modify the award.
On March 8, 2005, plaintiff commenced the instant action in the Civil Court. Defendant answered, asserting, as an affirmative defense, that plaintiff had previously elected to arbitrate its claims. Plaintiff filed a notice of trial in 2008, but, upon defendant's motion, the Civil Court vacated the notice of trial. In 2014, the Civil Court granted a motion by plaintiff to restore the action to the trial calendar and directed plaintiff to file a new notice of trial. Defendant moved in the same year to dismiss the complaint, pursuant to CPLR 3211 (a) (3) and (5) or, in the alternative, for summary judgment dismissing the complaint pursuant to CPLR 3212. Defendant contended that, pursuant to Roggio v Nationwide Mut. Ins. Co. (66 NY2d 260 [1985]), plaintiff was precluded from litigating its claims, as plaintiff, prior to commencing this action, had elected to arbitrate them. In opposition, plaintiff argued that defendant's motion was untimely, and that, contrary to defendant's contention, plaintiff's action was not barred, as there was no indication that plaintiff was litigating the same bills that had been submitted to arbitration and because the merits of the claims had not been reached in arbitration. Plaintiff cross-moved, in effect, to amend the amount sought in the complaint. By order entered May 18, 2015, the Civil Court granted the branch of defendant's motion seeking summary judgment dismissing the complaint and denied plaintiff's cross motion, on the ground that plaintiff had elected arbitration as the forum for resolution of its claims. Plaintiff's subsequent motion for leave to reargue was denied by order entered May 26, 2016.
Plaintiff, by electing to arbitrate, waived its right to commence an action to litigate its claims arising out of the same motor vehicle accident (see Roggio, 66 NY2d 260; Cortez v Countrywide Ins. Co., 17 AD3d 508 [2005]). There is no merit to plaintiff's argument that defendant's motion should have been denied because defendant failed to demonstrate that the bills which are the subject of the present action were the same ones which had been submitted to arbitration. "[A] claimant disappointed in the pursuit of medical expense reimbursement in arbitration cannot, on the next rejected bill arising from the same accident, then look to the courts" (Roggio, 66 NY2d at 263). We find that the branch of defendant's motion seeking summary judgment was timely, as plaintiff's first notice of trial had been vacated (see Farrington v Heidkamp, 26 AD3d 459 [2006]), and defendant made its motion within 120 days after plaintiff had filed its second notice of trial upon the direction of the Civil Court (see CPLR 3212 [a]). Plaintiff's argument, that defendant had waived its Roggio defense, is not properly before us, as it is raised for the first time on appeal (see Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]), and we decline to consider it. Upon the record presented, the Civil Court properly granted the branch of defendant's motion seeking summary judgment dismissing the complaint. 
Accordingly, the order entered May 18, 2015 is affirmed and the appeal from the order entered May 26, 2016 is dismissed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 02, 2018