Ultimate Health Products, Inc., as Assignee of Jean, Antoine, Appellant, 
against
Ameriprise Auto & Home, Respondent.




The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Bruno, Gerbino & Soriano, LLP (Nathan Shapiro of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Phillip Hom, J.), entered March 14, 2018. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for leave to amend the answer to assert the affirmative defense that the action was barred due to plaintiff's previous election to arbitrate the claims in question, to deem the amended answer timely served, and, upon such amendment, for summary judgment dismissing the complaint based on that defense.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits for supplies furnished to its assignor, plaintiff moved for summary judgment. Defendant cross-moved for leave to amend the answer to assert the affirmative defenses that the action was barred due to plaintiff's previous election to arbitrate the claims in question and that plaintiff is collaterally estopped from being reimbursed based on a declaratory judgment entered on May 31, 2012 in Supreme Court, Kings County; to deem the answer timely served, and, upon such amendment, for summary judgment dismissing the complaint based on those defenses. By order entered June 9, 2014, the Civil Court denied plaintiff's motion for summary judgment and granted the branches of defendant's cross motion seeking leave to amend the answer to assert that the action is barred by the doctrine of res judicata and, upon such amendment, for summary judgment dismissing the complaint on that ground. 
By decision and order dated July 14, 2017 (57 Misc 3d 9 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), this court reversed the June 9, 2014 order, insofar as appealed from, and denied the branches of defendant's cross motion seeking leave to amend defendant's answer to assert that the action is barred by the doctrine of res judicata and, upon such amendment, to award defendant summary judgment on that ground. The matter was remitted to the Civil Court for a new determination of plaintiff's motion for summary judgment and for a determination of the remaining branches of defendant's cross motion. 
Upon remittal, plaintiff moved for summary judgment. Defendant cross-moved for leave to amend its answer to assert the affirmative defense that the action was barred due to plaintiff's previous election to arbitrate the claims arising from the underlying accident, to deem the amended answer timely served and, upon such amendment, for summary judgment dismissing the complaint based on that defense. By order entered March 14, 2018, the Civil Court denied plaintiff's motion and granted defendant's cross motion. 
Leave to amend a pleading "shall be freely given" absent prejudice or surprise resulting from the delay (CPLR 3025 [b]; see Worthen-Caldwell v Special Touch Home Care Servs., Inc., 78 AD3d 822 [2010]; Lucido v Mancuso, 49 AD3d 220 [2008]). Mere lateness is not a bar to an amendment; rather, significant prejudice must be demonstrated to justify the denial of an application for an amendment (see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]). As plaintiff failed to demonstrate prejudice or surprise as a result of the proposed amendment to the answer (see McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp., 59 NY2d 755 [1983]), or to establish that defendant had waived its right to assert the defense in question, the Civil Court properly granted the branch of defendant's cross motion seeking leave to amend its answer.
With respect to the branch of defendant's cross motion seeking summary judgment based on plaintiff's previous election to arbitrate the claims, it is undisputed that after plaintiff had commenced an arbitration, it had been withdrawn with prejudice. However, "[p]laintiff, by electing to arbitrate, waived its right to commence an action to litigate its claims arising out of the same motor vehicle accident" (563 Grand Med., P.C. v Country-Wide Ins. Co., 61 Misc 3d 136[A], 2018 NY Slip Op 51556[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; see Roggio v Nationwide Mut. Ins. Co., 66 NY2d 260 [1985]; Cortez v Countrywide Ins. Co., 17 AD3d 508, 509 [2005]; Rockaway Blvd. Med. P.C. v Progressive Ins., 2003 NY Slip Op 50938[U], *2 [App Term, 2d Dept, 2d & 11th Jud Dists 2003] [where arbitration was commenced and the arbitrator dismissed the claim without prejudice to renewal, the court stated, "[i]t is well settled that once a claimant chooses arbitration, it cannot resort to the courts"]).
Accordingly, the order is affirmed.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 22, 2019