Ellen Sue Ginsberg, D.O., P.C., as Assignee of Barbara Smith, Respondent,
against
New York City Transit Authority, Appellant, GEICO, Defendant. 




Foley, Smith, O'Boyle & Weisman (Aaron E. Meyer of counsel), for appellant.
Sanders, Barshay and Grossman, LLC, for respondent (no brief filed).

Appeal from an order of the District Court of Suffolk County, Second District (James P. Flanagan, J.), dated January 14, 2019. The order, insofar as appealed from, denied a motion by defendant New York City Transit Authority for summary judgment dismissing so much of the complaint as was against it.




ORDERED that the order, insofar as appealed from, is reversed, without costs, and the motion by New York City Transit Authority for summary judgment dismissing so much of the complaint as was against it is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant New York City Transit Authority (NYCTA) moved to dismiss the complaint insofar as asserted against it on the ground that plaintiff had previously elected to arbitrate its claims arising out of the underlying accident. Insofar as is relevant to this appeal, the District Court denied the motion on the ground that the previously arbitrated claims were against GEICO, not NYCTA. 
Contrary to the determination of the District Court, since plaintiff's claims against NYCTA are for treatment of the same assignor, for injuries arising from the same accident, plaintiff is bound [*2]by its initial election to arbitrate these claims, even though asserted against a different entity (see Roggio v Nationwide Mut. Ins. Co.,66 NY2d 260 [1985]; American Ind. Ins. Co. v Art of Healing Medicine, P.C., 104 AD3d 761, 763 [2013]; Cortez v Countrywide Ins. Co., 17 AD3d 508, 509 [2005]; 563 Grand Med., P.C. v Country-Wide Ins. Co., 61 Misc 3d 136[A], 2018 NY Slip Op 51556[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; Cockett v Nationwide Mut. Ins. Co., 143 Misc 2d 249 [App Term, 2d Dept, 2d & 11thJud Dists 1988]). 
Accordingly, the order, insofar as appealed from, is reversed and NYCTA's motion for summary judgment dismissing the complaint insofar as asserted against it is granted.
GARGUILO, J.P., ADAMS and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 16, 2020